EASTERN DIS. *July*, 1841.

BUCKNER, STANTON & CO. *vs.* WATT.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

The mere taking a new security, or bill, which does not mature until after the one sued on becomes due, is not such an agreement to give time, as will release the endorser, or which suspends the remedy or rights of the holder.

The express declaration of legislative will, must control the general rules of evidence, and testimony admitted contrary to the express provisions of a statute will be rejected.

The rule in relation to the competency of witnesses, is to be governed by the *lex fori ;* with some exceptions in favor of the local law.

A statute which expressly excludes the drawer of a bill from being a witness in a suit by the holder against the endorser, will not be construed to apply to the *acceptor*. This law being in derogation of the settled rules of evidence, will not be extended beyond its letter.

So an acceptor, who is without interest in a suit by the holder against the endorser of a bill, is a competent witness.

This is an action by the holders of a bill of exchange for $5543 14, drawn by Harper, Carpenter & Co., of Mississippi, the 4th March, 1837, payable 60 days after date, drawn on

EASTERN DIS.
*July,* 1841.

BUCKNER,
STANTON & CO.
*vs.*
WATT.

and accepted by Messrs. Bier & Steever, of New Orleans, in favor of and endorsed by Summers & Watt, residing at Grand Gulf, in Mississippi. The suit was commenced by attachment, the 5th December, 1839, against Hugh Watt, one of the endorsers; and also against Bier & Steever, the acceptors, and judgment prayed against all of them *in solido*, for the sum of $4,848, the balance due on said bill, and interest and costs. Nugent, Turpin & Watt were made garnishees.

The defendant, Watt, admits the endorsement on the bill, and pleads a general denial. He avers, that the drawers of the bill sued on, placed in the hands of the plaintiffs, as collateral security, a bill of exchange, drawn by R. B. Wiggins on and accepted by W. P. Ringe, and endorsed by Harper, Carpenter & Co. and on C. C. Mayson, due in Gallatin, Mississippi, on the 1st January, 1838, for $3316 53, and in consideration thereof the plaintiffs gave further or a prolongation of time to the drawers, without the consent or knowledge of the endorser, and by which he is discharged, &c.

The cause was tried on these pleadings and issues principally, and against Watt alone; Bier & Steever, not being cited, did not appear. There were several bills of exception to the admission and rejection of witnesses and of evidence, which are fully stated in the opinion of the court.

There was judgment for the plaintiffs for the sum claimed as due on the bill, and for damages, and interest and costs. The defendant appealed.

*G. B. Duncan,* for the plaintiffs and appellees.

*Thomas Slidell & Roselius,* for the appellant.

*Morphy, J.* delivered the opinion of the court.

The defendant as a member of the firm of Summers & Watt, is sued upon a bill of exchange of $5543 14, drawn in Mississippi by Harper, Carpenter & Co., upon and accepted by Bier & Steever, of New Orleans, in favor of the said firm of Summers & Watt, by whom it is endorsed. The answer avers,

EASTERN DIS.
July, 1841.

BUCKNER,
STANTON & CO.
vs.
WATT.

that defendant's liability has been extinguished by the acts of the holders, the present plaintiffs. That the drawers did place in the hands of plaintiffs as collateral security for the draft in suit, R. B. Wiggin's acceptance of a bill drawn by W. P. Ringe, and endorsed by C. C. Mayson and Harper, Carpenter & Co., due in Gallatin, Mississippi, on the 1st of January, 1838, for $3316 53 ; and that in consideration of said collateral security so received from the drawers, the plaintiffs did give time to the said drawers, without the knowledge or assent of the defendant, *for a long time*, after the maturity of the first draft. The answer further alleges, that after the maturity of this collateral security, the plaintiffs, without the knowledge or consent of the defendant, did return and deliver up the same to the drawers, &c. Under these pleadings the parties went to trial below, and defendant prosecutes this appeal from a judgment rendered against him.

The record shows no evidence of any agreement, by which the plaintiffs have given time to the drawers so as to preclude or suspend their right of suing on the original draft; had this been done, it must undoubtedly have had the effect of discharging defendant's liability ; 3 Martin, N. S., 598 ; Millaudon vs. Arnous et al.; 6 Peters, 250; U. S. Bank vs. Hatch. In the absence of any such express argument, it is said, that plaintiffs' engagement not to sue the drawers, must be inferred from their receiving from the latter collateral security payable at a future day. Such an inference does not, in our opinion, necessarily follow. A debtor may put such security in the hands of his creditor, in hopes of obtaining some indulgence or respite, without there being any engagement not to sue on the part of the latter. He might receive a new draft with a view to raise funds with it, without binding himself not to sue on the first bill. In *King* vs. *Clarkson*, a case analogous to the present, C. J. Abbott said : " The broad and plain rule hitherto laid down in such cases, is this : if the holder of a bill of exchange consents to give time to the acceptor, he thereby discharges the other parties to the bill. I am of opinion, that the defendant

EASTERN DIS.
July, 1841.

BUCKNER,
STANTON & CO.
vs.
WATT.

The mere taking a new security, or bill, which does not mature until after the one sued on becomes due, is not such an agreement to give time, as will release the endorser, or which suspends the remedy or rights of the holder.

is not discharged merely by the fact of Gidden & Son taking another security, without any proof of a consent on their part, not to sue upon the first, until the second bill became due." It does appear to us, that when an agreement of this kind is sought to be established by circumstantial evidence, it should be such as to leave no room for doubt, and it must be an agreement in a legal sense, i. e. one which in law ties up the hands of the holder, and suspends his remedy or rights. 2 Vermont Rep., 129; Ripley vs. Greenleaf; 8 East's Rep., 575; Gould. vs. Robson.

The other ground assumed by defendant is, that he is discharged either entirely or *pro tanto* by the act of plaintiffs, in subsequently giving up this collateral security to Harper, Carpenter & Co., without his consent or that of his firm; the latter being mere accommodation endorsers, and standing in the position of sureties to the drawers. The facts, upon which this part of the defence rests, are established by the testimony of Harper and Carpenter, but it was excepted to on the ground, that they were parties to the bill sued on. Under the well established doctrine, that being equally responsible to both plaintiffs and defendants, the makers of a bill are to be viewed as being without interest, we would have no doubt about their competency, but our attention has been drawn to an act of the, legislature, passed in the year 1823, and to be found in 1 Moreau's Dig., 624. It provides, that "the drawer of a note, bill of exchange, or other negotiable paper, shall never in any case whatsoever, be admitted as a witness in any civil cause or suit brought by the holder of any such note, order, bill of exchange or other negotiable paper, against any of the endor-

The express declaration of legislative will, must control the general rules of evidence, and testimony admitted contrary to the express provisions of a statute, will be rejected.

sers of said note, order, bill of exchange, or other negotiable paper, for the recovery of the capital and legal interest of the said note, order, bill of exchange, or other negotiable paper." With such an express declaration of the legislative will before us, we are bound to decide, that the testimony was wrongfully received. But it is insisted, that the evidence was properly admitted, notwithstanding this statute, because the bill was

drawn in Mississippi, and by the laws of that State the drawers were competent to testify. We believe, that in regard to witnesses generally the rule is, that their competency is governed by the *lex fori ;* although there may be cases, which form exceptions to this rule, and in which the local laws must govern. This is not, in our opinion, one of the cases. It occurred to us, that as this testimony seems to have been received below in consequence of both the counsel and the court overlooking a statute, which lies, as it were, concealed in Moreau's Digest, under the head of *Juries,* and has not hitherto been generally known on that account, we would have been justified in remanding the case, to afford the defendant an opportunity of offering other testimony to the same facts ; but as it might be said, that counsel in the management of their cases must take the risk of the ultimate decision of this tribunal in relation to the legality of the evidence they introduce, we prefer sending back this case, on a ground furnished us by another bill of exceptions in the record. Steever, of the firm of Bier & Steever, the acceptors of the draft, was offered to prove, that the plaintiffs had discharged the defendant by giving time to the drawers, Harper, Carpenter & Co. It was objected, that Steever was incompetent, being a party to the suit. An examination of the record has convinced us, that the objection has been improperly sustained : although mentioned in the petition. Bier & Steever have never been cited. One is not, in contemplation of law, a party to a suit, until he has either appeared or been cited to appear in it. But it is urged, that the statute of 1823, excluding as witnesses the drawer of a bill, should apply also to acceptors, though not mentioned in the exclusion. This law being one in derogation of the settled rules of evidence in these matters, should not, in our opinion, be extended beyond its letter. The witness stood without interest in the suit, and was not to be affected by any judgment rendered in it. An acceptor is absolutely bound to all the previous parties, and nothing can discharge him, but payment or release ; 7 Martin, N. S., 368 ; 3 Kent's Commentaries, 85.

A statute which expressly excludes the drawer of a bill from being a witness in a suit by the holder against the endorser, will not be construed to apply to the *acceptor.* This law being in derogation of the settled rules of evidence, will not be extended beyond its letter.

So an acceptor who is without interest in a suit by the holder against the endorser of a bill, is a competent witness.

EASTERN DIS.    It is therefore ordered, that the judgment of the Commercial
July, 1841.     Court be avoided and reversed, and that this case be remanded
BUCKNER,        for further proceedings, with instructions to the judge below,
STANTON & CO.
vs.             not to reject the testimony of Steever ; the costs of this appeal
WATT.
                to be borne by the appellees.