DAVID M. CALLIHAM *v.* ROBERT L. TANNER, Administrator.

Discharging, or giving time to any of the parties to a note or bill, is a discharge of every other party who, upon paying it, would be entitled to sue the party to whom such discharge or indulgence has been granted.

A prolongation of the term granted to the principal debtor, without the consent of the surety, will release the latter. C. C. 3032.

The holder of a protested note, having presented it for payment to the administrator of the succession of the payee and first endorser, it was allowed by the latter, and placed on the tableau of distribution filed by him. Subsequently to the homologation of the tableau, the holder obtained a judgment, by confession, against the second endorser, and, in consideration of a higher rate of interest, granted him time at the expiration of which the latter paid the amount due on the note. In an action by the second endorser against the administrator of the first, to recover the amount thus paid : *Held*, that the first endorser, who would have been entitled, on payment of the note to the holder, to require its delivery, that he might exercise his rights against the maker, was discharged by the indulgence ; and that the insolvency of the maker, at the time of the indulgence, cannot affect the question of his discharge.

A surety, who pays the debt of his principal, is entitled to all the rights of the creditor against the latter ; for, however desperate his situation may be at any particular time, it may improve, and offer him ultimately complete indemnity.

APPEAL from the Court of Probates of Rapides, *Waters*, J.

MORPHY, J. This suit is brought to recover, from the estate of Wm. B. Pearce, a balance of $1288, due on two notes, one for

$7000, and the other for $8100, drawn by Josiah S. Stafford, to the order of and endorsed by Wm. B. Pearce, by David M. Calliham, the plaintiff, and by Leonidas A. Robert. The notes were originally held by one John Dunwoodie, who, after they had been protested for non-payment, presented them to the defendant as administrator of the estate of Pearce. They were allowed as a just claim against the deceased, and placed on a tableau of distribution filed by the administrator, which was homologated on the 2d of May, 1838. Suits were brought by Dunwoodie in the District Court against Stafford, the maker of the note, and against Calliham and Robert, the other two endorsers, and on the 23d of May, 1838, the defendants confessed judgment for the amount claimed, with interest at ten per cent per annum from the 3d of February, 1838, upon Dunwoodie's allowing them a stay of execution until the 1st of March, 1839, with the understanding, that if one-third of the judgment, interest and costs, were punctually paid on that day, the defendant should be entitled to a further stay of execution on the remainder until the 1st of March, 1840 ; and that if, on that day, one-half of the remainder of the judgment were punctually paid by the defendants, they should be allowed another stay of execution on the remainder, until the 1st of March, 1841, &c. An execution, which issued upon one of the judgments for a balance due, was levied upon property of the plaintiff, for which he gave his twelve months' bond, with James D. Spurlock as his security. At the maturity of this bond the plaintiff paid its amount, which, with the interest calculated at ten per cent up to the time of payment, makes the sum of $1288, which he now claims of the estate of Wm. B. Pearce, the first endorser, as having been subrogated to all the rights of Dunwoodie for the amount thus paid. Under these facts, the judge of the court below rendered a judgment in favor of the estate of Pearce, from which the plaintiff has appealed.

*Flint*, for the appellant. By the acknowledgment of the debt by the administrator of Pearce's succession, and the homologation of the tableau filed by him in the Court of Probates, there was an absolute judgment against the succession, for the amount due on the notes on which Pearce was endorser. The indulgence was subsequent to this judgment. In *Pole* v. *Ford*, 2 Chitty's Reports,

125, cited in 3 Kent's Comm. 111, it was decided, that "indulgence to the acceptor, after judgment against the drawer, will not discharge the latter."

*Hyams*, contra. The surety is discharged by a prolongation of the term of payment, granted to the principal without his consent, where the indulgence is for a valid consideration, and precludes the creditor from enforcing his claim against the principal for the time. C. C. art. 3032. Bailey on Bills, 223. 3 Kent's Comm. 111. Chitty on Bills, 8th ed., 441, *and notes*. Ib. 446, 447. 3 Mart. N. S. 598. 7 Ib. 13. 4 La. 295. 11 Ib. 107. 16 Ib. 218. 19 La. 211. 6 Peters, 250. The case of *Pole* v. *Ford*, cited from 3 Kent's Comm., by the counsel for the appellant, was probably one in which the indulgence was not founded on a valid consideration. Here, there was a good consideration for the extension of the term, and the contract was binding.

MORPHY, J. The principle has long since been settled, that the discharging or giving time to any of the parties to a note or bill, is a discharge of every other party who, upon paying the same, would be entitled to sue the party to whom such discharge or time has been given. In the present case it is clear that, had the administrator of Pearce's estate paid to Dunwoodie the amount of the note endorsed by the deceased, the latter could only have subrogated him to such rights as he had against Stafford, the maker of the note, under his contract with him and the other endorsers. For the prolongation of time thus granted to the maker, Dunwoodie had received a valid consideration, to wit, interest at ten per cent per annum, instead of five per cent, which the debt originally bore. From the moment that he became bound by this agreement, and was precluded from collecting his whole debt from Stafford in due course of law, he lost all claim against Pearce. No person claiming under Dunwoodie can have greater rights than he had. The rule is, that the surety is discharged by a prolongation of time granted to the principal debtor, without the consent of the surety. Civ. Code. art. 3032. 3 Mart. N. S. 598. 16 La. 218. 19 La. 211. 6 Peters, 250. Bailey on Bills, see note (*a*), p. 358.

It is urged that the distinction between principal and surety, or maker and endorser, ceased after the judgment against the surety

Calliham v. Tanner, Administrator.

resulting from the decree of homologation rendered on the 2d of May, 1838; that the endorser became a co-debtor absolutely bound, whose obligation could be discharged only in some one of the ways laid down in article 2126 of the Civil Code. Had the endorser, in a case like the present, suffered judgment to be rendered against him, without urging in his defence this indulgence to the maker, he would probably be concluded, and could not set it up when called upon to satisfy the judgment; but, in the instance before us, the indulgence was granted to the maker after the judgment had been obtained against the endorser. The latter could not be placed by his creditor *in duriori casu*, without his consent. On paying the judgment, he had the right of requiring from Dunwoodie the note on which it had been rendered, in order to exercise his rights against the maker. Although by a judgment a surety becomes absolutely bound for the debt of his principal, the creditor can do no act by which the rights or recourse of the surety against the debtor may be destroyed or impaired; if he does, he releases the surety in the same manner as if no judgment had been obtained. As to the insolvency of the maker, Stafford, which is relied on to show that the estate of Pearce was not injured by the indulgence granted to him, admitting it to have existed at the time of the agreement entered into between him, Dunwoodie, and the other endorsers, it cannot affect the question before us; the surety who pays the debt of his principal, is entitled to all the rights of the creditor against the latter, however desperate his situation may appear at any particular time, for it may improve, and offer ultimately a complete indemnity.

*Judgment affirmed.*