BLANCHE, Judge.
This is an appeal by Andrew J. Bittner from a judgment of. the district court holding him liable, jointly and in solido, with Carpet Inn, Inc., and three other individual defendants for past due rentals totaling $36,800.00 owed by Carpet Inn, Inc., to plaintiff under the terms of a sublease agreement.
Plaintiff-appellee and defendant, Carpet Inn, Inc., entered into a sublease agreement dated June 10, 1969. At that time defendant-appellant, Andrew J. Bittner, was a shareholder of Carpet Inn, Inc., and he signed the sublease agreement as an endorser and guarantor along with the other individual defendants herein, Robert H. Wolf, Joseph L. Tucker, Jr., and Dewey A. Brister. Under the terms of the agreement, Carpet Inn, Inc., leased from plaintiff a certain tract of land with improvements in the City of Baton Rouge for a designated rental of $2,300.00 per month for a six-year term, beginning as of June 1, 1969. According to the provisions of the sublease, the four individuals as major stockholders of Carpet Inn, Inc., guaranteed the payment of all rentals by Carpet Inn, Inc.
On February 10, 1970, some eight months after execution of the sublease and while the rental payments were current, Mr. Bittner sold his interest in Carpet Inn, Inc., to the other three individual defendants.
Beginning with the rent due on June 1, 1970, Carpet Inn, Inc., became delinquent in its payments, and by January 1, 1971, the rent was some seven months in arrears. In January of 1971 and again in April of 1971 the four individual guarantors were notified by plaintiff of the rent arrearage and demand was made on them for payment. As a result of the April notification and demand, a meeting was held in the office of plaintiff’s attorney, and all defendants, including Mr. Bittner, were either present or represented by counsel. As a result of this conference a collateral mortgage, note, and *498 pledge agreement in the amount of $32,-200.00 was executed on June 23, 1971, in favor of plaintiff by Dart Distributors, Inc., a corporation owned by defendants Tucker, Brister and Wolf, as security for the indebtedness then owed by Carpet Inn, Inc.
According to the testimony of Mr. E. E. Conner, Vice President of Boyce Machinery Corporation, and Mr. Dewey A. Brister, Carpet Inn, Inc., was at that time attempting to secure a loan from the Small Business Administration, and Mr. Conner, as plaintiff’s representative in the negotiations, was trying to help salvage Carpet Inn, Inc. Finally, in September of 1971 when it became apparent that Carpet Inn, Inc., would be unable to obtain the S. B. A. loan, it vacated the leased premises.
In October of 1971 plaintiff filed suit against Carpet Inn, Inc., and the four individual guarantors seeking payment of the past due rent. Appellant, Andrew J. Bittner, filed a third party demand against Brister, Tucker and Wolf, seeking indemnification if he should be held liable to plaintiff as a guarantor under the sublease. This third party demand was based upon the terms of the February 10, 1970, agreement whereby Bittner sold his interest in Carpet Inn, Inc., to Brister, Tucker and Wolf. After trial on the merits, the district court rendered judgment with written reasons therefor in favor of plaintiff and against all of the defendants, holding them liable, jointly and in solido, for the sum of $36,800.00, representing the amount owed by Carpet Inn, Inc., for the past due rentals. In addition, the trial court entered judgment in favor of third party plaintiff Bittner and against third party defendants Brister, Tucker and Wolf. Defendant-appellant Bittner has appealed only from that portion of the judgment which held him liable to plaintiff jointly and in solido with the other defendants.
Appellant assigns as error the ruling of the trial court that he was not discharged as a guarantor or surety on the sublease when the plaintiff granted Carpet Inn, Inc., an extension of time in which to pay the past due rentals.
The only issue presented by this appeal is whether Bittner’s obligation as guarantor or surety for Carpet Inn, Inc., under the sublease has been discharged under the provisions of Louisiana Civil Code Article 3063.
Louisiana Civil Code Article 3063 provides as follows:
“Art. 3063. The prolongation of the terms granted to the principal debtor without the consent of the surety, operates a discharge of the latter.”
In order for a surety to invoke the protection of this provision, he must show a binding agreement between the debtor and creditor whereby for sufficient consideration the creditor foregoes his right of action against the debtor during a definite extension period. New Orleans Butchers’ Co-op. Abbatoir, Inc. v. St. Bernard Rendering & Fertilizing Company, 160 La. 574, 107 So. 432 (1926); O’Banion v. Willis, 14 La.App. 638, 129 So. 440 (1st Cir. 1930); Fireman’s Fund Insurance Company v. Richard, 209 So.2d 95 (La.App. 1st Cir. 1968). Such an agreement must be complete and it must bind the creditor in such a manner as to preclude him from bringing suit. New Orleans Butchers’ Co-op. Abbatoir, Inc. v. St. Bernard Rendering and Fertilizing Company, supra. It has also been held that mere forebearance or gratuitous indulgence is insufficient to discharge the surety under Civil Code Article 3063. John M. Parker & Company v. Guillot, 118 La. 223, 42 So. 782 (1907); Forstall v. Fussell, 50 La.Ann. 249, 23 So. 273 (1898).
Appellant asserts that a binding agreement granting an extension of time for a definite interval was entered into by plaintiff and Carpet Inn, Inc., in the present suit without his consent and therefore his obligation as surety should be deemed discharged. It is argued that this alleged agreement can be implied from the execu *499 tion of the collateral mortgage, note, and pledge agreement of June 23, 1971, and from the actions of plaintiff in not seeking collection of the rents due until after the S. B. A. loan application of Carpet Inn, Inc., was denied.
It is clear from the evidence adduced at trial that no express agreement in writing granting any extension of time was ever executed by plaintiff-appellee. However, such an agreement need not be expressed hut may be implied from the actions and circumstances attending the transactions between the parties. O’Banion v. Willis, supra; Fireman’s Fund Insurance Company v. Richard, supra. Thus, if such an agreement existed in the instant case, it must be inferred or implied from the transactions between the parties.
Appellant contends that such agreement can be readily inferred from the transaction of June 23, 1971, in which a collateral mortgage, note, and pledge agreement was given to plaintiff-appellee by Dart Distributors, Inc. Appellee asserts, on the other hand, that this was no more than a collateral security arrangement and consequently does not establish any implication that it was given as consideration for a binding extension agreement.
In examining this transaction, it is readily apparent that nothing is contained in the language used in the collateral mortgage, note, or pledge agreement to indicate that Boyce Machinery Corporation was thereby granting a definite extension of time during which it was legally bound not to seek collection of the rentals due. We also note that the collateral mortgage note itself was made payable to bearer on demand and at least one writer has expressed the opinion that where a note payable on demand is given to the creditor by the debtor, the surety should not be discharged because the creditor can still enforce payment at any time. See 31 Tulane L.Rev. 631, at 636 (1957).
Appellee cites the case of Buckner, Stanton & Company v. Watt, 19 La. 211 (1841), in support of its contention that the mere taking of collateral security by a creditor does not give rise to an inference that such security was given in consideration for a binding extension agreement. In Buckner the defendant was sued as an endorser of a bill of exchange and sought discharge of his liability on the grounds that plaintiff had accepted an additional draft as collateral security. Defendant therein argued that by the acceptance of this additional security it could be inferred that such was given as consideration for a binding agreement on the part of the plaintiff not to sue the drawer until the second bill became due. In refusing to infer such an agreement from the mere fact that collateral security was given, the Court stated:
“The record shows no evidence of any agreement, by which the plaintiffs have given time to the drawers so as to preclude or suspend their right of suing on the original draft; had this been done, it must undoubtedly have had the effect of discharging defendant’s liability; 3 Martin, N. S., 596, Millaudon vs. Arnous et al.; 6 Peters 250 [8 L.Ed. 387] U. S. Bank vs. Hatch. In the absence of any such express argument, it is said, that plaintiffs’ engagement not to sue the drawers, must be inferred from their receiving from the latter collateral security payable at a future day. Such an inference does not, in our opinion, necessarily follow. A debtor may put such security in the hands of his creditor, in hopes of obtaining some indulgence or respite, without there being any engagement not to sue on the part of the latter. He might, receive a new draft with a view to raise funds with it, without binding himself not to sue on the first bill. * * * ”
(Buckner, Stanton & Company v. Watt, 19 La. 211, 213)
In our view, the collateral mortgage, note, and pledge agreement executed in the case at bar was given to the plaintiff as mere collateral security for the back due rental then outstanding, and did not in any way preclude plaintiff’s right to bring legal ac *500 tion to recover the rentals then due or those which might accrue in the future.
Appellant also relies heavily upon the testimony of Mr. Dewey A. Brister and Mr. E. E. Conner, plaintiff’s vice-president, in asserting that plaintiff entered a binding agreement granting Carpet Inn, Inc., an extension for the period of time necessary in order to receive a ruling on Carpet Inn’s application for the S. B. A. loan. Mr. Bris-ter testified that it was his understanding that the collateral mortgage was given to plaintiff to guarantee the rent then owed and to secure additional time to negotiate for the loan. Mr. Conner testified that he knew Brister was hoping to get the loan and that he had offered the second mortgage as security. Mr. Conner further stated that he was trying to cooperate in every way possible to help salvage Carpet Inn, Inc. However, Mr. Conner’s testimony does not indicate that he agreed to any binding extension of time.
After reviewing all of the testimony concerning the negotiations carried on by Mr. Conner with defendants concerning the collateral security and the S. B. A. loan application, we do not feel that such testimony warrants an implication that plaintiff bound itself not to seek enforcement of the sublease agreement for a definite extension period.
In the case of John M. Parker and Company v. Guillot, supra, the plaintiff creditor in answer to the debtor’s request stated that it would not seek to enforce payment on certain notes of the debtor for three or four weeks longer. The Supreme Court held that this amounted to nothing more than a mere forebearance and was insufficient evidence of such a binding agreement as would discharge the debtor’s surety.
In the case of Purdy v. Forstall, 45 La. Ann. 814, 13 So. 95 (1893), the Supreme Court held that the declaration by a creditor that he would not seek to enforce his rights against a principal debtor until a certain person returned from a trip to Europe was not such a binding agreement granting an extension of time as would allow the discharge of the principal’s surety. The Court went on to state that such words as were used by the creditor were expressive of mere intent only and did not create any legal obstacle to enforcement of the debt by the creditor.
Likewise, in the case at bar, the evidence and testimony at best shows only a mere forebearance on the part of plaintiff-appel-lee in not seeking to enforce collection of the rentals due until such time as the outcome of the loan application could be ascertained. The jurisprudence discussed above holds this to be insufficient to warrant a discharge of the surety under Louisiana Civil Code Article 3063.
Accordingly, for the above reasons, the judgment appealed from is affirmed, at appellant’s cost.
Affirmed.