We therefore affirm the judgment of the district court.

————

(49 South. 659.)

No. 17,315.

EDWARD B. BRUCE CO. v. LAMBOUR et al.

(May 24, 1909.)

1. PLEADING (§ 228*)—EXCEPTION OF VAGUENESS.

An exception of "vagueness" does not call upon plaintiff to declare whether he sues on an oral or written contract, and, still less, where suit is brought on a bond, given for the faithful execution of a contract and containing the recital that a copy of the contract is thereto attached and made part thereof, and that the parties to the bond bind themselves in accordance with its provisions, does such an exception call on plaintiff to declare whether said principal contract is oral or written.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. PRINCIPAL AND SURETY (§ 155*)—ACTIONS—PETITION—SUFFICIENCY.

Where plaintiff sues on a bond given for the faithful execution of a contract, and alleges that the amount claimed by him is wholly due, the further allegation, that there are no offsets in favor of defendant, and that defendant has been paid all that is due him, is unnecessary, and an exception of vagueness, based on the ground that plaintiff fails to allege when, where, and how he paid defendant, is properly overruled.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 422; Dec. Dig. § 155.*]

3. PRINCIPAL AND SURETY (§ 155*)—ACTIONS—PETITION—SUFFICIENCY.

Where plaintiff, suing on a bond given by a sales agent for the faithful discharge of his duties and the full and prompt remittance of his collections, alleges that such agent collected, for his (plaintiff's) account, the proceeds of the sales of his goods, which, under the contract of employment, he was required to remit promptly and fully, and that he not only failed to make such remittances, in accordance with his contract, but failed to make them after amicable demand, a cause of action is disclosed as against the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 422; Dec. Dig. § 155.*]

4. PRINCIPAL AND SURETY (§ 28*)—FORMAL ACCEPTANCE—NECESSITY.

When, in a suit on a bond given by a sale's agent for the faithful discharge of his duties, the petition alleges: That the contract of employment stipulated that the agent should give bond for the faithful discharge of his duties; that, on the day of the execution of the contract, the defendant, surety, signed a bond, jointly and severally with such agent, so conditioned; that the agent was employed under such contract, and failed to account for money collected by him, as required thereby; and that a certain sum is due to plaintiff on that account—the further allegation that the bond was formally accepted and the surety formally notified of such acceptance is unnecessary, in order to disclose a cause of action.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 57; Dec. Dig. § 28.*]

5. PRINCIPAL AND SURETY (§ 194*)—RIGHT TO BENEFIT OF DIVISION—CONTRACT IN SOLIDO.

Though a debtor, who is liable in solido with another, because both have become sureties for the same debt, may plead the benefit of division, such is not the case with the debtors of an obligation contracted in solido, who have no such rights.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 194.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by the Edward B. Bruce Company against Michael Lambour and Albert God-

chaux. Judgment for plaintiff, and Godchaux appeals. Affirmed.

Foster, Milling & Godchaux and Alexis Brian, for appellant. Morgan & Milner, for appellee Edward B. Bruce Co. Robert John Maloney, for appellee Lambour.

### Statement of the Case.

MONROE, J. The *petition in this case* alleges as follows:

"That Michael Lambour and Albert Godchaux * * * are * * * indebted unto your petitioner, in solido, in the full sum of $5,000, and said Lambour in the further sum of $1,826.82, the whole, as will more fully appear by reference to the annexed detailed statement, duly sworn to, marked 'Exhibit A,' and made part hereof. * * * That on the 4th day of June, 1906, it (petitioner) entered into a contract with said Michael Lambour, under which petitioner employed said Lambour, as its selling agent, to sell its brands of liquors, more particularly whisky, brandy, gin, and rum, in the state of Louisiana, and in consideration for such services, as said agent, agreed to pay said Lambour, in lieu of salary, 50 per cent. of the net profit which petitioner derived on sales made by said Lambour, which net profit (was to be) arrived at as stipulated in said agreement. That said Lambour agreed to maintain an office in the city of New Orleans, at his own expense, to devote his entire time and attention to the sale of petitioner's goods, and to the collecting of the proceeds of sales. * * * That said Lambour agreed * * * to furnish a surety bond conditioned for the faithful performance of his obligation and for the 'prompt and full remittance by him of all funds collected on account of sales made hereunder and the payment of any balance, however accruing, existing in favor of' petitioner. * * * That on the same day * * * Albert Godchaux signed, jointly and severally with said Lambour, a bond in favor of petitioner in the penal sum of $5,000, conditioned to 'hold and keep' your petitioner 'harmless from any and all loss and damage which may, or shall, accrue to, or be incurred by, it, by reason of the failure of the said Michael Lambour to fully and faithfully perform the duties and liabilities imposed on him under and (by) virtue of said contract between him and said Edward B. Bruce Company, to promptly and fully remit all funds collected on account of sales made under said contract, and to pay. any balance, however accruing, existing in favor of said Edward B. Bruce Company, upon' the termination thereof. Petitioner avers that said Lambour has failed to live up to his obligations, under said contract, and has collected from the parties named in Exhibit A the sums set opposite their names, and has failed to make prompt remittance of said moneys collected, in spite of amicable demand, and that the whole amount shown upon said statement, to wit, $6,826.82, is now justly due and owing to petitioner. Petitioner avers that it has paid said Lambour in full, under said contract, his one-half of the net profits accruing under said sales, and that there are no offsets or credits due said Lambour, and the full amount stated is due and owing by him and his surety, upon whom amicable demand has been made, and who has been given every opportunity to verify this statement. Wherefore petitioner prays that said Michael Lambour and said Albert Godchaux be cited to appear and answer this petition, and that, after due proceedings had, your petitioner have and recover judgment against said Michael Lambour and Albert Godchaux, in solido, in the full sum of $5,000, and that petitioner have further judgment against said Michael Lambour in (the) further sum of $1,826.-82, the whole, with legal interest, according to law. And petitioner prays for all general and equitable relief."

The Exhibit A annexed to and made part of the petition contains the names and addresses of the persons to whom the defendant Lambour is said to have made sales, the amounts of the invoices, and the dates of shipments, the amounts and dates of his collections, and the amounts allowed by way of discount, and for special reasons. The defendant Godchaux excepted to the petition, on the grounds: (1) That plaintiff is not a legally incorporated body; (2) that no resolution of the board of directors of said alleged corporation was passed authorizing this suit; (3) that the petition and document attached are so vague and indefinite that petitioner (defendant) "cannot intelligently answer thereto."

The exception so filed having been overruled, Godchaux answered, alleging that the petition discloses no cause of action, denying the allegation therein contained, save as admitted, and averring that, should the court hold that there is a valid contract of suretyship, he has been released from liability thereunder by the laches of the plaintiff, in permitting and countenancing the failure of Lambour to make remittances and in allowing his delinquencies to accumulate, and he further alleges, in the alternative, that there

were two sureties, himself and Frank Alltmeyer, and that he is entitled to, and claims the "benefit and right of division," and he demands that plaintiff be restricted in its recovery against him to his virile share. The defendant Lambour also excepted and answered, but, as he has not appealed, his case requires no consideration. On the trial the following admissions were placed of record, to wit:

"It is admitted by counsel for plaintiff and for defendants herein that Mr. Lambour collected, from various parties, whose names appear on Exhibit A, attached to the petition, the amounts as therein set forth, and failed to account for said collections to said Bruce Company. By Mr. Godchaux (counsel for defendants): We make this admission with a reservation of the objections to any evidence at all being offered to prove up the account. In other words, we claimed, originally, that the account and petition were too vague to permit of proof, and this admission is made subject to that objection. By Mr. Milner (counsel for plaintiff): This admission is made to avoid the necessity of summoning all the parties whose names appear on the said Exhibit A, and having them testify that they paid Mr. Lambour the amounts set opposite their names, for account of said Bruce Company. The said parties would testify to having paid the said Lambour the said amounts."

The case was then continued, and, when called for trial, upon a later day, plaintiff offered in evidence a copy of its charter, the bond sued on, the admissions previously made, the testimony of Eugene Seltzer, E. P. Keech, Jr., and Harry H. Funk, taken under commission, together with exhibits therewith identified, with respect to which the following objections and rulings were made:

"By Mr. Godchaux: To which offer counsel for Albert Godchaux objects, on the ground that the allegations of the petition and the exhibits that are attached to the petition filed in this case are too vague and indefinite to permit of any proof whatsoever; that the defendant herein Albert Godchaux is taken by surprise as to the nature of said proof, for the reason that the petition and the annexed affidavits give no clue or indication as to the proof that has been administered under the commissions that were issued in this case; that his counsel is thereby deprived of the right of properly cross-examining the witnesses whose testi-

mony was taken under these commissions on behalf of the plaintiff, as the said counsel for the defendant Albert Godchaux had no indication, prior to the evidence being given, as to the nature of the evidence which would be disclosed or given under these commissions.

"By the Court: The court does not quite comprehend the extent of the objection. I have not heard the testimony read, and I don't know anything about the cross-examination of the witness.

"Argument by Mr. Godchaux:

"By the Court: The objection is overruled, but, in overruling it, the court will, on statement of counsel for the defendant Albert Godchaux that he has been taken by surprise by this evidence, continue the case, if that request is made of the court by counsel for the defendant. By Mr. Godchaux: What I mean by being taken by surprise, if your honor please, is that it was impossible for me to properly cross-examine the witnesses under the examination on behalf of the plaintiff in the case, particularly as the testimony was taken by deposition and not in open court. In other words, I had to put my questions in advance, and I had no idea in the world what the testimony would be, particularly as their testimony shows something totally and entirely different to what is alleged in the petition filed in this case. A continuance of the case, granted to me for the purpose · of introducing evidence, will not do any good. If your honor will order the execution of the commissions again, that' may be, all right."

Then followed a colloquy between counsel, and the court ordered that the trial proceed, and that defendants call their witnesses.

"By Mr. Godchaux: Then your honor overrules the objection I have made. Do I understand that? By the Court: Yes; the objection is overruled. To which ruling of the court Mr. Godchaux .excepts, and has this note taken in lieu of a formal bill of exception."

The charter of the plaintiff appears to be regular and is duly certified. The written contract, of date June 4, 1906, between plaintiff and Lambour, is as set forth in the petition. Plaintiff thereby employs Lambour as its selling agent, and Lambour agrees to devote his time and attention to the sale of the plaintiff's goods and the collection of the proceeds of the sales, his compensation to be 50 per cent. of the net profits of the sales made by him. He agrees to render, on the first of each month, or as soon thereafter as

practicable, statements of the business done by him; and it is further stipulated that:

"This agreement shall remain in force for the period of five years from the 4th day of June, 1906, subject, however, to the right of the first party to cancel the same in case of the failure of said second party to comply with the duty and obligation resting on him hereunder. Such cancellation shall not affect, in any way, the rights and liabilities of the parties, then accrued, nor the liability of the securities on the bond, hereinafter referred to, for any breach thereof then existing.

"Said second party shall furnish to said first party a security bond, conditioned for the faithful performance, by said second party, of his duties hereunder, the prompt and full remittance by him of all funds collected on accounts of sales made hereunder, and the payment of any balance, however accruing, existing in favor of said first party hereunder, upon the termination hereof."

The bond, also bearing date June 4, 1906, reads, in part:

"Know all men by these presents: That, whereas, the Edward B. Bruce Company, a corporation, and one Michael Lambour, have heretofore entered into a certain contract, for a period of five years, a copy whereof is hereto attached and which is made part hereof as fully as if the same were herein at length set forth.

"And, whereas, the undersigned have agreed to become the sureties of said Michael Lambour, in accordance with the terms and provisions of said contract:

"Now therefore these presents witness that Frank Alltmeyer and Albert Godchaux do bind themselves, their heirs, * * * jointly and severally, * * * that they, and each of them, shall and will, at all times, hold and keep said Edward B. Bruce Company * * * free and harmless from any and all loss and damage which may, or shall, accrue to, or be incurred by, it by reason of the failure of the said Michael Lambour to fully and faithfully perform the duties and liabilities imposed upon him under and by virtue of said contract, to promptly and fully remit all funds collected on account of sales made under said contract, and to pay any balance, however accruing, existing in favor of said Edward B. Bruce Company thereunder upon the termination thereof. * * *"

It is shown that the collections which make up the balance for which the suit is brought were made, for the greater part, in the months of December, 1906, and January, February, and March, 1907 (a few having been made in April, 1907), and that on April 24, 1907, Lambour was notified that the contract was canceled, on account of his "failure to comply with the duty and obligation resting on him" thereunder. It is also shown that plaintiff sent its representatives to New Orleans, and one of them, Eugene P. Seltzer, testifies: That, accompanied by Lambour, he visited the persons whose names are mentioned on Exhibit A, and, in his presence, obtained the original invoices and made notes of the collections and discounts, or other deductions, which notes were subsequently recapitulated in a prepared statement checked over by Lambour, and acknowledged to be correct; that he and Lambour then met the two sureties, by appointment, and that Lambour acknowledged to them that "all the figures and totals on the recapitulation sheet were correct," but refused to sign a written admission to that effect, and that defendant Godchaux offered to "place a check for one-half of the bond, $2,500," in the hands of a third party, to be delivered to plaintiff as soon as Lambour should have signed such an admission. Edward P. Keech, Jr., one of plaintiff's counsel, who came from Baltimore on this business, also says (in his testimony):

"I had a conversation with Albert Godchaux, at his store, on the morning of June 10th. We discussed the claim of the Bruce Company, and Godchaux stated that he was ready to pay his half as soon as Lambour signed a proper acknowledgment. He asked me whether the Bruce Company would make a new contract with Lambour, and I told him that this could not be discussed until the present liability was settled. He then remarked, 'Then, there is nothing for me to do but pay,' or used some similar expression."

The interrogatories which were propounded to the witnesses who were examined under commission indicate clearly enough the character of the information that was expected to be elicited. Some of them were crossed by defendants' counsel, and some were not. With the exception, however, of the statements of the witnesses as to their interviews with the defendant Godchaux, the evidence

thus obtained adds but little to the force of the admission with which defendant entered upon the trial of the case.

The defendant introduced no evidence. There was judgment in the district court against Lambour and Godchaux, in solido, for $5,000, and against Lambour for the further sum of $1,826.82, all with legal interest from judicial demand. Godchaux alone has appealed. Plaintiff has answered, praying that it be allowed damages as for frivolous appeal.

### Opinion.

The propositions which the defendant's counsel present for the consideration of this court will be considered in the order in which we find them in their brief:

1. That the plea of "vagueness" was directed, primarily, to the failure of the petition to allege whether the principal contract, between plaintiff and Lambour (to which, it was said, Godchaux was a stranger), was oral or written. The plea of "vagueness" does not, in our opinion, call upon a plaintiff to declare whether he sues upon an oral or written contract, and it, most assuredly, did not, in this case, call upon the plaintiff to make such declaration with regard to the contract referred to, since the bond signed by defendant, which witnesses the immediate contract sued on, refers to the other contract and says:

"A copy whereof is hereto attached, and which is made part hereof as fully as if the same were, herein, at length, set forth. And, whereas, the undersigned have agreed to become the sureties of said Michael Lambour, in accordance with the terms and provisions of said contract."

2. That the plea, or exception, of vagueness should have been sustained, because, after reciting that Lambour had made various collections and had failed to remit them, the petition contains "the general and loose averment" that he is entitled to no offsets; he having already been paid his one-half of the net profits on such sales; whereas, it should have set forth in detail the time and manner of such payment.

Plaintiff brings suit on Lambour's bond, given for the faithful discharge of his obligation to collect and promptly and fully remit the proceeds of sales made by him, and it alleges that he has made certain collections (specified in a statement, made part of the petition) which he has failed to remit, "and that the whole amount shown upon said statement, to wit, $6,826.82, is now justly due and owing to petitioner."

The allegation that "there are no offsets or credits due said Lambour" was unnecessary, being included in the previous allegation that the "whole amount" sued for is justly due, and being, in effect, but a denial, in advance, of any plea in compensation, or "setoff," which the defendants might urge.

3. Counsel for defendant, dealing with the plea of "no cause for action," say:

"First. The bond was not annexed to the petition, but its conditions were recited in the petition, as follows:

"'To hold and keep' petitioner, 'its successors and assigns, free and harmless from any and all loss and damage which may, or shall, accrue to, or be incurred by, it by reason of the failure of said Michael Lambour to fully and faithfully perform the duties and liabilities imposed on him, under and by virtue of said contract between him and said Edward B. Bruce Company, to promptly and fully remit all funds collected on account on sales made under said contract, and to pay any balances, however accruing, existing in favor of said Edward B. Bruce Company, upon the termination thereof.'

"An analysis of the foregoing quotation will disclose that the purported bond is a guaranty solely against loss and damage arising from Lambour's failing:

"(a) To faithfully perform his duties under the contract.

"(b) To fully and promptly remit the funds collected for sales made under the contract.

"(c) To pay any balance due the Bruce Company, upon the termination of the contract."

Counsel then argue: That the suit is not founded upon any default of Lambour in connection with the obligation recited in paragraph "a," "for the reason that the only failure on the part of Lambour, complained

of in the petition, is his default in not remitting the funds collected by him on certain specified sales"; that it is not founded on the obligation recited in paragraph "c," since that paragraph deals with default in the payment of any balance that may be due at the termination of the contract, and it is not alleged that the contract is terminated, from which they conclude that, if the defendant is to be held at all, it must be for the default of Lambour with respect to the obligation (paragraph "b") "to promptly and fully remit the funds collected for sales made under the contract," and they say that, in order to recover on that count, plaintiff should have alleged that it has suffered loss and damage by reason of Lambour's failure promptly and fully to remit, etc., and that plaintiff has not so alleged.

The allegations of the petition are, in substance, that Lambour, as plaintiff's agent, collected, for its account, as the proceeds of the sales of its property, the sum of $6,826.82, which, under his contract of employment, he was bound to remit promptly to the plaintiff, and that he has not only failed to make such remittance promptly, as required by his contract, but has failed to make it, "in spite of amicable demand"; and to the allegations of the petition is to be added the fact of the petition—that is to say, the fact that plaintiff is compelled to sue its agent and his surety for the money so wrongfully withheld. How it would be possible to state the loss of a sum of money more specifically we are unable to perceive.

4. It is said that a more serious defect in the pleadings than any heretofore noted is to be found in the failure of the petition to allege an acceptance, on the part of the plaintiff, of the guaranty alleged to have been executed by the defendant, and to allege that notice of such acceptance was communicated to the guarantor.

The petition, as we have seen, alleges:

"That said Lambour agreed, in said contract, to furnish a surety bond, conditioned for the faithful performance of his obligations and for the 'prompt and full remittance of all funds collected on account of sales made hereunder, and the payment of any balance, however accruing, existing in favor of' petitioner."

Petitioner avers that, on the same day, to wit, the 4th day of June, 1906, Albert Godchaux signed, jointly and severally with said Lambour, a bond in favor of petitioner, in the penal sum of $5,000, conditioned, etc.

According to the allegations of the petition, therefore, the furnishing of the bond was merely an act participated in by Lambour, Godchaux, and Alltmeyer, whereby the contract, under which Lambour was employed by plaintiff, was perfected, and that interpretation of the petition is sustained by the fact that the bond, in terms, makes the contract part of itself, and the signers of the bond agree "to become the sureties of said Michael Lambour in accordance with the terms and provisions of said contract." They therefore bound themselves, not only for Lambour, but with him, and, as the two instruments are dated upon the same day, and are, by their terms, interdependent upon each other, the fact that the one became executory justifies the conclusion that the other did also. If, upon the other hand, the contract witnessed by the bond could be disassociated from that witnessed by the main contract and could be regarded as merely an offer, on the part of Godchaux and Alltmeyer, to hold plaintiff harmless, if plaintiff would employ Lambour as its selling agent, it was, nevertheless, an offer which was open to acceptance, by words, written or spoken, by action, or by silence or inaction. Rev. Civ. Code, art. 1811.

"Where the law does not create a legal presumption of consent from certain facts, then, as in the case of other simple presumptions, it must be left to the discretion of the judge whether the assent is to be implied from them or not." Rev. Civ. Code, art. 1818.

The sureties knew that Lambour's contract with plaintiff, in order to become effective, required that he should furnish a "surety bond," and they, with Lambour, executed and furnished that instrument, and thereupon Lambour entered into plaintiff's employment.

It seems plain to us that the action thus taken was that which was contemplated by the parties, and to have been all that was necessary to the completion of the contract represented by the bond. The case of Lachman & Jacobi v. Block & Bro. et al., 47 La. Ann. 505, 17 South. 153, 28 L. R. A. 255, to which we are referred by counsel for defendant, was decided upon its own facts, and that those facts bear no relation to those which are here presented will be understood from the following quotation from the syllabus, to wit:

"The words 'I agree to become surety for $10,000,' with no designation of the debt, whether past, present, or future, will not authorize the construction that the proposed suretyship extends to future, as well as past, debts. Such construction is to supply (forbidden by the Code) that which is neither expressed nor implied. In such case resort to the testimony is proper to ascertain the intention."

In the later case of People's Bank v. Lemarie et al., 106 La. 429, 31 South. 138, it was held (quoting the syllabus):

"Notice of acceptance of guaranty may be waived by the form of the guaranty, or it may be implied from the terms of the instrument. The waiver of acceptance finds support in the facts and circumstances. Willingness to accept the guaranty, and the acceptance itself were made evident on the part of the plaintiff by complying with defendant's proposal, in postponing payment of overdrafts, at the time due, and paying others covered by the instrument of guaranty."

Defendant's counsel finally call the attention of the court to his demand for the benefit of division.

This demand is, presumably, predicated on Rev. Civ. Code, art. 3049, which reads:

"When several persons have become sureties for the same debt, each of them is, individually, liable for the whole of the debt, in case of the insolvency of any of them. Any one of them may, however, demand that the creditor should divide his action by reducing his demand to the amount of the share and portion due by each surety, unless the sureties have renounced the benefit of division."

There is, however, a difference between the situation of one who is liable, in solido, with another, merely because he has become surety for the same debt, and one who is so liable, because he has so contracted. Thus, article 2094 provides that:

"The creditor of an obligation, contracted in solido, may apply to any one of the debtors he pleases without the debtor's having the right to plead the benefit of division."

By the instrument sued on, the defendant Godchaux and his co-surety, Alltmeyer, bound themselves, in solido, and plaintiff, in whose favor they became so bound, having exercised the right conferred by the article last above quoted, the debtor to whom he applies has no right to plead the benefit of division.

We do not find the defense well supported, but are of opinion that enough has been made of it to save the defendant the damages which are claimed, as for frivolous appeal.

Judgment affirmed.