M. & M. MFG. CO. v. LAURICELLA

(April 11, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Pleading—Par. 57.**

An exception of vagueness on the ground that petition does not show whether contract was oral or written was properly overruled where the sworn itemized account annexed to petition shows amounts and kinds of articles purchased on open account and also the various dates.

Appeal from the 24th Judicial District Court, Parish of Jefferson.

Action by The M. & M. Manufacturing Company against Joseph Lauricella.

There was judgment for plaintiff and defendant appealed.

Judgment amended.

Huddleston Kenner, of New Orleans, attorney for plaintiff, appellee.

F. A. Middleton, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff filed suit against the defendant on an open account showing a balance due of $245.82 in accordance with the sworn itemized invoices annexed to the petition.

The defendant thereupon excepted to the petition as follows:

"And now into court comes defendant and excepts to the petition of plaintiff for the reason that the same is too vague and indefinite to permit defendant safely to answer thereto in this: That the petition of plaintiff does not setforth whether or not the contract between the plaintiff and defendant was a verbal or written contract."

This exception was fixed for trial and after hearing argument the court overruled same, giving the defendant ten days in which to file his answer. This delay having expired and no answer having been filed on motion of plaintiff's counsel a default was duly entered on March 11, 1925.

On April 3, 1925, more than two days after the entry of the default, no answer having been filed by the defendant, the court confirmed same and rendered a judgment in favor of the plaintiff.

By reason of a clerical error the amount awarded the plaintiff in this judgment was fixed at two hundred twenty and 82-100 ($220.82) dollars instead of the sum of two hundred forty-five and 82-100 ($245.82) dollars named in the petition and prayed thereof, and shown by the sworn itemized account offered in evi-

dence. Plaintiff has filed an answer to this appeal and prayed that this error be corrected and the judgment appealed from be amended by inserting the figures "$245.82" in place of the figures "$220.82" in accordance with the prayer of plaintiff's petition and the itemized account annexed thereto and offered in evidence on the trial of the case.

Defendant, who did not appear when case came up for hearing has filed no brief in this court.

In the case of Bruce & Co. vs. Lambour, 123 La. 977, 49 South. 659, the Supreme Court said:

"That the plea of 'vagueness' was directed primarily to the failure of the petitioner to allege whether the principal contract between plaintiff and Lambour (to which it is said Godchaux was a stranger) was oral or written.

"The plea of 'vagueness' does not, in our opinion call upon a plaintiff to declare whether he sues upon an oral or written contract."

As the sworn itemized account attached to plaintiff's petition shows the number and kind of articles purchased, defendant knew full well whether the contract of purchase was oral or written and the exception was properly overruled.

As this was plainly a clerical error in the judgment, it will be corrected and affirmed.

It is ordered, adjudged and decreed that that said plaintiff, The M. & M. Manufacturing Company have judgment in its favor and against the said defendant, Joseph Lauricella, for the full sum of two hundred forty-five and 82-100 ($245.82) dollars, with legal interest thereon from the 24th day of October, 1923, until paid, together with all costs in both courts.