No. 861

First Circuit

TIMES-PICAYUNE PUBLISHING CO. v. BADON ET AL.

(June 30, 1931. Opinion and Decree.)

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellant.

S. W. Provensal, of Slidell, attorney for defendants, appellees.

MOUTON, J. February 1, 1929, plaintiff entered into a contract with W. R. Watkins to furnish the latter with its newspapers for sale and distribution, under which Watkins obligated himself to render monthly accounts for all copies received, etc.

On the date of the execution of the contract, L. Badon and J. E. Chastang subscribed their names, on the reverse side of the agreement, to the following bond:

"We hereby bind ourselves in solido up to the sum of $700.00 to Times-Picayune Publishing Company for the faithful performance by the said W. R. Watkins of the contract on reverse side, and for the prompt payment by him of the sum due or' to become due thereunder and agree that in the event of default of payment by said W. R. Watkins the Times-Picayune Publishing Company may proceed directly against us or any one of us for the full amount due without being required to first institute suit against the said W. R. Watkins."

Exceptions of no cause or right of action were filed by defendants, were maintained, and the suit was dismissed.

The first contention of defendants is that there was no valid contract.

The second and third contentions are that there was no acceptance of the guarantee by plaintiff company, and no notice of its acceptance to defendants, that there was no existing debt, and that plaintiff should have proceeded first against Watkins, the principal debtor.

The foregoing embodies the substance of the defenses urged.

As the averments of the petition and the provisions of the contract thereto annexed must be taken as true under the exceptions, there is clearly no ground to sustain the first defense questioning the validity of the contract.

Under the bond, hereinabove copied, the defendants bind themselves in solido to pay up to the sum of $700 any amount due or to become due under the contract. It is impossible to construe the language thus used as a mere offer by defendants to become guarantors for Watkins. If the words used could be construed as meaning that defendants were obligating themselves only to a promissory guarantee, there would be merit in the contention urged by defendants that an acceptance on the part of plaintiff company and a notice thereof to defendants would have been essential to constitute a binding contract. Instead of being a mere offer of guarantee, the bond created a perfect guarantee, which dispensed with the necessity of a formal acceptance by plaintiff company, and of any notice of acceptance to defendants. It was so held by our courts in agreements of that character. People's Bank of New Orleans v. J. L. Lemarie et al., 106 La. 429, 31 So. 138; Edward B. Bruce Co. v. Lambour et al., 123 La. 969, 49 So. 659; Hibernia Bank & Trust Company v. Succession of Cancienne, 140 La. 969, 74 So. 267, L. R. A. 1917D, 402.

In the last-cited case it was also held that it made no difference on the question of notification of acceptance in a case of this nature, whether the debt, for which the sureties bound themselves in solido, was in existence at the time of the agreement or was thereafter incurred. This ruling of the court does away with the contention of defendants that the guarantee in this case was not for an existing debt.

In the bond, to which we have referred, it is specifically provided that plaintiff company could proceed against both or either of the defendants without first instituting suit against Watkins in case of his failure to meet his payments under the stipulations of his contract. Under the general law governing suretyship, the property of the principal debtor is to be first discussed or seized, unless the surety has renounced the plea of discussion. Civ. Code, art. 3045.

It is clear that he has the right to make such a renunciation, and we are not aware of any prohibitory rule which would preclude him from exercising the privilege of permitting his creditor to sue him before proceeding against the party in whose favor he has executed his obligation.

This disposes of the contentions submitted in the case. The judgment is erroneous, and must be reversed.

It is therefore ordered and decreed that the judgment be annulled and reversed; that the exceptions be overruled, and that the case be remanded, to be proceeded with according to law. Appellee to pay the cost of appeal, those below to await the decision of the case.