299 So.2d 442 (1974)
CENTRAL BANK, Plaintiff-Appellee,
v.
WINN FARMERS CO-OPERATIVE et al., Defendants-Appellants.
No. 12349.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1974.
Rehearing Denied September 4, 1974.
Writ Refused November 8, 1974.
Brown & Wicker, Monroe, and Martin S. Sanders Jr., Winnfield, for defendants-appellants.
Snellings, Breard, Sartor, Shafto & Inabnett by W. S. Shafto, Jr., Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
Rehearing en Banc. Denied September 4, 1974.
BOLIN, Judge.
Martin S. Sanders, Jr., and Claude L. O'Bryan appeal from a judgment in favor of plaintiff, Central Bank, against these appellants, in solido, in the sum of $30,000. Appellants are two of five persons who executed a continuing guaranty agreement in favor of Central guaranteeing payment of *443 "any and all obligations . . . which may be due or which may hereafter become due, directly or indirectly, from Winn Farmers Co-operative", to the aggregate extent of $30,000. The Co-operative defaulted and Central Bank sued the Co-operative and the five guarantors, reserving all rights against a sixth guarantor. Winn Farmers Co-operative filed an answer confessing judgment in favor of plaintiff and judgment was rendered against this defendant in the total principal sum of $96,848.07 and default judgments were taken against three of the signatories to the guaranty agreement. No appeals have been taken by any of the debtors with the exception of present appellants, Sanders and O'Bryan. We affirm the judgment.
Appellants did not plead discussion or division in their original answer and these defenses were not mentioned in a pretrial stipulation and order. However, on the morning of the trial, after counsel for plaintiff stated he had no objection, the trial judge permitted defendants Sanders and O'Bryan to file an amended answer in which they specially plead the defenses of discussion and division. In his written reasons the trial judge commented on these defenses but held the pleas were not properly at issue since in his pretrial order he had specifically limited the issues to those reflected in the joint pretrial stipulation of counsel which made no mention of these defenses. Further, he held that even if the defenses had been timely he would have had no difficulty in disposing of them as being without merit since the guaranty agreement clearly reveals an intent of the guarantors to be bound in solido.
We agree with the trial judge, and appellants do not contend otherwise on appeal, that the plea of discussion, being a dilatory exception, was not timely filed. [La.C.C.P. Art. 926(9)].
The issues on appeal are whether appellants' defense of division plead in the supplemental answer filed on the date of trial, was timely asserted and, if so, whether the plea of division should have been recognized and judgment rendered against appellants only for their virile share of the indebtedness rather than in solido.
In view of the filing of the affirmative plea of division in the amended answer by permission of the court and opposing counsel, we find it was before the court below and is presently before us on appeal. (La. C.C.P. Arts. 1005, 1151).
Appellants argue the sureties, who have bound themselves for the same debt, are granted the right of division and are entitled to have the demand against them reduced to their pro rata share of the debt owed by the principal debtor. Article 3049 of Louisiana Civil Code provides:
"When several persons have become sureties for the same debt, each of them is individually liable for the whole of the debt, in case of insolvency of any of them.
"Any one of them may however demand that the creditor should divide his action by reducing his demand to the amount of the share and portion due by each surety, unless the sureties have renounced the benefit of division."
It is also argued by appellants the sureties (guarantors) did not bind themselves in solido with the principal debtor, Winn Co-operative, but only bound themselves in solido as among themselves, which, it is asserted, does not operate as a renouncement of the right to demand division. Authority cited for this position is an article by Professor Ralph Slovenko in 39 Tul.L.R. 427 at 452.
Appellee argues first that the surties bound themselves in solido with the principal debtor and therefore plaintiff is entitled to proceed against the debtor and all sureties in solido under La.C.C. Art. 2094, which provides:
"The creditor of an obligation contracted in solido may apply to any one of the *444 debtors he pleases, without the debtors having a right to plead the benefit of division."
Alternatively, appellee argues that even if the sureties did not bind themselves with the principal debtor, nevertheless each became solidarily liable for the debt by contract, thereby waiving or renouncing the plea of division and allowing the creditor to proceed against the sureties in solido under Civil Code Article 2094, supra.
While we are unable to agree that the sureties bound themselves as principal debtors with Winn Co-operative, nevertheless, under the terms of the guaranty agreement, we find the sureties expressly bound themselves in solido to the bank. The contract, dated May 5, 1972, and written in clear and unambiguous language, provides in part:
"FOR VALUE RECEIVED and in consideration of the extending at our request of the credit hereinafter mentioned and other financial accommodation from time to time afforded or to be afforded, the undersigned, in solido, for themselves, their heirs, executors and administrators, do hereby unconditionally gurarantee to the CENTRAL SAVINGS BANK AND TRUST COMPANY, Monroe, Louisiana, its successors, endorsees, transferees or assigns to the aggregate extent of Thirty Thousand & no/100 DOLLARS the full and prompt payment at maturity of any and all obligations, including interest thereon and any and all expenses which may be incurred in the collection thereof, which may now be due or which may hereafter become due, directly or indirectly, from Winn Farmers Co-operative (hereinafter referred to as Borrower) to said Bank, howsoever created, arising or evidenced.
"This instrument is intended to be and shall be a continuing and unconditional guaranty and agreement and shall apply to and cover all loans, discounts or renewals thereof made by said Bank to said Borrower and all obligations of any kind owing to said Bank from the Borrower above mentioned. There shall be included in this Guaranty obligations as to which the Borrower is a comaker, endorser, or a guarantor for another person, firm, partnership or corporation. The undersigned, or any of them, may, however, by notice in writing given to the Cashier of said Bank, terminate their respective liability upon any new loans or discounts made to the Borrower by said Bank after the date of the receipt of such written notice, it being expressly understood and agreed that such written notice shall in no manner affect the liability of the undersigned to said Bank upon the indebtedness, obligations and liabilities existing before receipt of such notice, or any renewals or extensions thereof, and that the undersigned shall remain liable upon all such prior obligations until the same shall be fully paid and satisfied, and the obligation of all of the undersigned who shall not give such notice shall remain and continue as if such notice had not been given. It is further expressly understood and agreed that in all cases the burden of proof of the delivery and receipt of such notice shall be upon the undersigned.
* * * * * *
"Whenever any obligations of the Borrower or any renewals or extensions thereof shall become due and remain unpaid, the undersigned, in solido, do unconditionally agree to pay the amount due thereon to said Bank, its successors, endorsees, transferees or assigns, and it shall not be necessary for said Bank, in order to enforce such payment by the undersigned, first to institute suit or exhaust its remedies against the Borrower or others liable on such obligation, or to enforce its rights against any collateral which may have been pledged with the Bank to secure such obligations. The undersigned do hereby expressly waive any and all notice of non-payment and *445 dishonor, demand, notice, protest and notice of protest, and do further waive notice of the acceptance of this guaranty. (Emphasis ours)
We find nothing in Civil Code Article 2094 which requires the sureties to bind themselves with the principal debtor. To the contrary, the Louisiana Supreme Court in Bruce Company v. Lambour, 123 La. 969, 49 So. 659 (1909) found the sureties expressly bound themselves in solido with each other, under their surety contract, as is the case here, and held:
"There is, however, a difference between the situation of one who is liable, in solido, with another, merely because he has become surety for the same debt, and one who is so liable, because he has so contracted. Thus, article 2094 provides that:
"`The creditor of an obligation, contracted in solido, may apply to any one of the debtors he pleases without the debtor's having the right to plead the benefit of division.'
"By the instrument sued on, the defendant Godchaux and his co-surety, Alltmeyer, bound themselves, in solido, and plaintiff, in whose favor they became so bound, having exercised the right conferred by the article last above quoted, the debtor to whom he applies has no right to plead the benefit of division." (Emphasis added)
We have been cited to and have examined the case of The Flintkote Company v. Thomas, 223 So.2d 676 (La.App. 4th Cir. 1969) and find it supports our conclusion that sureties who sign a continuing guaranty agreement which stipulates their intention to bind themselves contractually in solido to the obligee, are deprived of the benefit of a plea of division under Civil Code Article 2094.
By its very nature contractual solidary liability deprives the obligors of the right to claim the benefits of the remedy of division, which requires the obligee to divide his claim against the debtors and collect as if each of the debtors was liable only for his virile portion.
For the reasons assigned the judgment is affirmed.