## HENRY L. DORSETT et al. *v.* WILLIAM M. LAMBETH et al.

A. died in 1832, leaving by will five thousand dollars to be invested, the interest of which was to be paid to Miss L. during her lifetime only; and gave to B. and his heirs the balance of his estate.  B. died in 1833, and gave by will his interest in the above legacy after the death of Miss L. to the children of two of his friends.  Miss L. died in 1843.  *Held :* That the bequest to Miss L. constituted an usufruct only in her behalf, the naked property being in B.  That the bequest of B. to the children of his friends, to take effect after the death of Miss L. was valid, and that the property did not go to his legal heirs.

An obligation *in solido* is not to be presumed ; but the rule ceases where such an obligation takes place by virtue of the provisions of law.

Where the debt is one that draws interest, the principal is bound to pay interest; but if the surety has signed a bond for the debt merely, he is not bound for the interest, except from the time he has been put in default.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Upton* and *Rozier,* for plaintiffs. · *Moïse* and *Randolph,* for defendants. The judgment of the court was pronounced by

EUSTIS, C. J.   The plaintiffs, who are the children and heirs at law of the late *Walter H. Dorsett* and *John W. Reel,* of the State of Missouri, àllege, that in the right of their respective parents, they have a right to a certain legacy in the last will of the late *Philip Taylor,* who departed this life in the city of St. Louis, State of Missouri, in the year 1833, of which State he was at the time an inhabitant.   By this will, it is provided, among other things, as follows·: " I desire that the legacy of five thousand dollars, left by my late brother *A. R. Taylor* to Miss *Ann T. Lowry,* which is to revert to my brother's estate, be equally divided between the children of my two friends, *Walter H. Dorsett,* of St. Louis county, and *John W. Reel,* of the city of St. Louis and State of Missouri, and if they, or either of them, should die childless, their proportion, say twenty-five hundred dollars, to revert to my estate."

The legacy thus disposed of is to this effect: " 6. I desire that an investment of five thousand dollars be also made in some safe stock, the interest of which to be paid to *Miss Ann T. Lowry,* who was raised in my father's family, of Virginia, during her lifetime only ; after her death, the said sum of five thousand dollars to revert to my estate."

The first inquiry is as to the interest which *Philip Taylor* had in this legacy, which he undertook to vest in *Dorsett* and *Reel* by his last will.

*Archibald R. Taylor* died in 1832, and *Miss Lowry* died on the 30th of October, 1843 ; and it is contended that *Philip Taylor* had no disposable interest in the legacy at the time of making his will.

*Philip Taylor* was the residuary legatee of his brother, *A. R. Taylor.*   By an additional clause of the will of *A. R. Taylor,* all doubt on this subject appears to us to be removed; it is to this effect: "I am induced to add, that my executors may, with the consent of my brother, and other parties to the fourth, fifth and sixth legacies, free themselves of the annual trouble of remitting the interest and dividends, and thereby enable them to make a speedy close of their executorship, pay over the legacies to the parties beneficially interested therein within the year after they qualify."

DORSETT
*v.*
LAMBETH.

We concur with the district judge in the opinion, that these testamentary dispositions constitute a legacy of the usufruct of a sum of money to *Miss Lowry*, and of the naked property to *Philip Taylor*.

It has been contended, in argument, that on the termination of the interest of *Miss Lowry*, the sum disposed of by the legacy vested in the heirs at law of *A. R. Taylor*, and not in his residuary legatee. By the will, the testator gave to his brother $20,000 over and above any balance which might stand against him on the books of the testator at the time of his death; and in the clause constituting his brother his residuary legatee, the words are added : "and I give to him and his heirs the balance of my estate." These words, it is contended, are words of limitation and exclusive of the sums disposed of by the particular legacies. But we think this construction is in evident conflict with the whole tenor of the will, which leaves, in our mind, no doubt of the intention of the testator. We think, therefore, that the plaintiffs have made out their right to the legacy of $5000 in the will of *A. R. Taylor*.

This case was once before this court, and is reported in 3d Ann. 711. It was on an appeal taken by *Lambeth*, who was the dative executor of *Philip Taylor*, from a judgment by which that succession was held liable to pay this legacy; but in that case we held, that as the amount had never been received in the succession of *Philip Taylor*, the remedy of the parties was against *Lambeth*, in whose hands it had been retained. The present suit is against *Lambeth* and his surety for the recovery of the amount, and the appeal is taken from the judgment by which they had been held liable. The heirs at law of *Philip Taylor* have also taken an appeal from a judgment adverse to their claims.

It appears that the investment of this sum of $5000 in stock, as required by the will, was not made by the executors of *A. R. Taylor*, but the amount was retained by them; one of them, *Lambeth*, gave his bond to the administrators of the estate of *Philip Taylor*, appointed in Missouri, with *Charles A. Jacobs* as his security, under which the money has been permitted to remain in his hands. The bond is to this effect: "Know all men by these presents, that we, *William M. Lambeth* and *Charles A. Jacobs*, are held and firmly bound unto *John W. Reel* and *Rengrose D. Watson*, in the sum of five thousand dollars, for the payment of which we bind ourselves, our heirs, executors and administrators. Witness our hands and seals, this 5th day of March, 1835. The consideration of the above obligation is such: that whereas, *William M. Lambeth* has received of *John W. Reel* and *Rengrose D. Watson*, administrators of *Philip Taylor*, deceased, the sum of five thousand dollars, the interest of which was left as a legacy to *Ann T. Lowry*, of Fredericksburg, Virginia, by *A. R. Taylor*, deceased, and at her death to revert to his estate; now, if the said *William M. Lambeth*, at the death of *Ann T. Lowry*, pays over the above sum of five thousand dollars, according to the provisions of the will of *Philip Taylor*, then this obligation is to be null and void; otherwise to remain in full force."

The district judge considered, that by the terms of the bond *Jacobs* was only liable for one half the amount thereof, and limited his responsibility to the sum of $2500. He condemned both the parties of the bond to pay interest from the 30th October, 1843, the day on which the right to claim interest by *Miss Lowry* terminated with her life.

The money in the hands of *Lambeth* constituted a debt which bore interest, and we are at a loss for any principle on which he can be exempted from paying any portion of it. *Jacobs*, by the terms of the bond, only bound himself as surety for the payment of the capital and not the interest; he is only bound to pay interest from the day on which he was put in default.

We are not able to concur with our learned brother' of the district court in the construction he has given of the legal effect of this bond. It is true, that an obligation *in solido* is not presumed, and must be expressly stipulated; but the rule ceases to prevail where an obligation *in solido* takes place of right by virtue of some provisions of the law. Code, art. 2088.

DORSETT
v.
LAMBETH.

Where two persons bind themselves to pay a sum of money, each is only bound for his half; but by the contract of suretyship, the obligation on the surety is to satisfy the debt if the debtor does not. Such being the legal character and effect of the contract, where the surety is bound for a portion of the debt only, it ought to be expressed in the contract.

The judgment of the district court, so far as it relates to the heirs at law of *Philip Taylor* and of *Lambeth*, is correct, and must be affirmed.

The plaintiffs and appellees, in their answer, have asked for a change of the judgment against *Jacobs*, holding him for the amount of the bond; we think they are entitled to the relief prayed for.

The judgment of the district court, dismissing the petition of intervention of the heirs of *Philip Taylor* and against *William M. Lambeth*, appellant, is therefore affirmed : the judgment against *Charles A. Jacobs* is reversed ; and it is decreed, that the plaintiffs recover from *Charles A. Jacobs*, the surety of *William M. Lambeth*, with interest from 13th November, 1843, the following sums, to wit, *Mary L. Massey*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; *Henry L. Dorsett*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; *William Scott Tyler*, the sum of four hundred and sixteen dollars and sixty-six cents ; *Bazil W. Tyler*, the sum of four hundred and sixteen dollars and sixty-six cents ; *Harriet Vairin Reel*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; *Mary Therese Reel*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; *John W. Reel*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; together with costs of suit. It is further decreed, that the appellants pay the costs of this appeal.