## No. 6170.

MAYOR AND CITY COUNCIL OF NATCHITOCHES vs. W. H. REDMOND ET AL.

It is true the amount of a bond is not fixed in the charter of the city of Natchitoches. Considering, however, sections five and ten of the charter of 1872 (being act nine-

Mayor and City Council of Natchitoches vs. Redmond.

ty-three of that year), there can be no doubt the Council had the right to pass the ordinance requiring a bond and fixing the amount thereof for the tax collector.

Assuming, as defendants contend, that plaintiffs were guilty of laches in not requiring the collector to make monthly reports as he was in duty bound by an ordinance of the Council, it would not discharge the sureties.

Parol evidence was properly excluded to show the Council had granted an extension of time to the collector to make his settlement. Had they granted a few months delay to make his settlement, it would not have released the sureties.

The court a qua properly excluded the testimony of a witness as to whether the collection of the quarantine tax was covered by the bond of the collector. The responsibility of the sureties must be determined by the law, and not by the opinion of witnesses.

The objection that the plaintiffs are not rightfully Mayor and Councilmen of Natchitoches can not be considered in this proceeding. They are in office, and their rights thereto are not to be determined here.

Interest on the judgment against the sureties should be allowed from judicial demand.

APPEAL from the Seventeenth Judicial District Court, parish of Natchitoches. *P. A. Morse*, special judge, in place of the District Judge, recused. *M. J. Cunningham*, for plaintiffs and appellees. *J. H. Cunningham*, *J. M. B. Tucker*, and *T. P. Chaplin*, for defendants and appellants.

WYLY, J.   Defendant, Redmond, a defaulting tax collector of the city of Natchitoches for $4338 66, and the sureties on his official bond for $3000, who were condemned *in solido* for $3000, and Redmond for the further sum of $1338 66, have appealed from the judgment of the court *a qua*.

Plaintiffs, the Mayor and Council of Natchitoches, joining in the appeal, pray an amendment of the judgment requiring the sureties on the bond to pay interest on the amount recovered of them.   The defense set up is purely technical and utterly devoid of merit.

First—Defendants contend there is no law authorizing or requiring the tax collector of the city of Natchitoches to give bond.

It is true the amount of a bond is not fixed in the charter; considering, however, sections five and ten of the charter of 1872 (being act ninety-three of that year), there can be no doubt the Council had the right to pass the ordinance requiring a bond and fixing the amount thereof for the tax collector.

Section five authorized the election by the Council of "a suitable person to be assessor and collector of the city taxes and licenses, and to elect a treasurer, who shall be *ex officio* secretary of the City Council."

Section ten authorizes the Council "to pass such laws as are necessary and proper. * * * To fix the amount of bonds to be given by the city officers from whom bonds are required." * * * The statute does not in express terms require a bond for any of the officers of the corporation: but to give effect to that part of the sections quoted the conclusion is inevitable that the act authorizes the Council to require a bond for the tax collector and to fix the amount thereof.

Second—Defendants, the sureties, contend that they are released from

276          SUPREME COURT OF LOUISIANA,

Mayor and City Council of Natchitoches vs. Redmond.

their obligation on the bond by the laches of plaintiffs in not requiring the collector to make monthly reports as he was in duty bound by an ordinance of the Council. Assuming this to be so, it would not discharge the sureties.

Parol evidence was properly excluded to show the Council had granted an extension of time to the collector to make his settlement.

Had they granted a few months delay to make his settlement, it would not have released the sureties of the tax collector.   26 An. 243.

Third—The liability of the sureties to the extent of the bond signed by them was that the collector would faithfully perform his duty and account for all moneys collected in the exercise of his office.   The court properly excluded the testimony of a witness as to whether the collection of the quarantine tax was covered by the bond of the tax collector.   The responsibility of the sureties must be determined by the law, and not by the opinion of witnesses.

The objection that plaintiffs are not rightfully Mayor and Councilmen of Natchitoches can not be considered in this proceeding.   They are in office, and their rights thereto can not be determined in this controversy. Besides, defendants are without interest to make the objection.

On the whole, no serious defense is disclosed to the action.

Interest on the judgment against the sureties should be allowed from judicial demand.

It is therefore ordered that the judgment herein be amended so as to require the sureties to pay five per cent interest from judicial demand on the amount for which they are condemned, and, as amended, that the judgment be affirmed with costs.