BRUNOT, J.
 

 This is a suit for the recovery of $22,409.09. It grows out of a contract between the plaintiff and St. Bernard Rendering & Fertilizing Company, for the sale and purchase of by-products of plaintiff’s abbatoir. The sum sued for is the contract price of the by-products sold and delivered by plaintiff to the St. Bernard Rendering & Fertilizing Company, the cost of draying certain of these by-products from plaintiff’s slaughterhouse to the rendering plant of the St. Bernard Rendering & Fertilizing Company, and for damages resulting from the latter’s alleged breach of the contract.
 

 The Fidelity & Deposit Company of Maryland, a party to the aforesaid contract, as surety for the St. Bernard Rendering & Fertilizing Company, with its liability, as surety, limited to the sum of $5,000, is made a defendant in the suit, and the prayer of the petition is for a judgment jointly and in solido against both defendants for the full sum sued for, with legal interest from judicial demand and for costs. From a judgment in favor of the plaintiff and against both defendants jointly and in solido for $5,000, with legal interest thereon from judicial demand, and further judgment against the St. Bernard Rendering & Fertilizing Company for $7,001.90, with legal interest from judicial demand, the Fidelity & Deposit Company of Maryland alone appealed.
 

 The record discloses that, before answering the suit, both defendants filed exceptions of vagueness and of no right or cause of action. The exception of vagueness was overruled, and the other exception was referred to the merits. Although the answers of both defendants are but little more than general denials, there is no serious dispute about the facts. The contract and suretyship are admitted by both defendants and the account of sales and drayage charges are admitted by the St. Bernard Rendering & Fertilizing Company. Only one witness, the president of the plaintiff corporation, was sworn, and, in view of the defendants’ admissions, his testimony is not important, except that it negatives plaintiff’s claim for damages and establishes the breach of the contract.
 

 Appellant’s defenses to the suit were that, if the St. Bernard Rendering & Fertilizing Company breached the contract with plaintiff, as alleged in the petition, its surety was entitled to notice thereof and a putting in default qs a prerequisite to the assertion of any claim upon it for losses resulting therefrom, that, if the contract was breached, it was the duty of the plaintiff to have minimized the damage by promptly declaring the contract breached, and thereafter disposing of its products to the best advantage, and that plaintiff could not condone violations of the contract to the prejudice of the defendant surety. In the brief, appellant contends that a confession of judgment by a debtor does not bind his surety, and in this case appellant is not bound in solido with the debt- or, but only as surety. Appellant cites Stewart v. Levis Bros., 6 So. 898, 42 La. Ann. 37, and Lachman v. Block, 17 So. 153, 47 La. Ann. 505, 28 L. R. A. 255. In the case of Stewart v. Levis Bros. it was held that the obligations of a surety were stricti juris, and must be rigidly construed, and that a surety cannot be subjected to more onerous conditions than the 'principal. In Lachman v. Block the court was called upon to interpret a written contract of suretyship. The. surety bound himself for a definite amount for a' fixed period of time, and the court held that he was not liable for obligations of the principal maturing after the expiration of that time, and that he was protected from any interpretation of the contract not resting on
 
 *577
 
 clear expression or plain implication. Neither of these cases is authority for any of" the defenses urged by appellant. C. C. articles 3039, 2088, and 3063, are also cited. Article 3039 provides that suretyship must be expressed and must be restrained within the limits intended by the contract, article 2088 provides that solidarity must be stipulated, and article 3063 is as follows:
 

 “The prolongation of the term granted to the principal debtor without the consent of the surety, operates a discharge of the latter.”
 

 The rule is that, if a creditor or obligee, by a valid and binding agreement, without the assent of the surety, gives further time for payment or performance to the principal debtor, the surety will be discharged. Cyc. vol. 32, p. 191; Am. & Eng. Ency. of Law (2d Ed.) vol. 27, p. 499. The agreement must amount to a binding contract, and the contract must be complete. Cyc. vol. 32, p. 197. It must be such a contract as ties the creditor’s hands and precludes him from bringing suit. Adle v. Metoyer, 1 La. Ann. 254; Huie v. Bailey, 16 La. 213, 35 Am. Dec. 214. There is no pretense that plaintiff entered into an agreement with the St. Bernard Rendering & Fertilizing Company for any modification of the terms of the contract, or that it consented to any extension of time for payment or performance. Appellant was a party to that contract. In the written instrument it obligated itself as follows:
 

 “And now to these presents personally came and appeared Purnell M. Milner, attorney in fact, and Charles' H. Culbertson, agent, both herein appearing for and acting on behalf of their principal, the Fidelity & Deposit Company of Maryland, a foreign corporation doing business in this state, through the said attorney in fast and agent, who declared that the said Fidelity & Deposit Company of Maryland is fully acquainted with the contents of this agreement, and that it has taken cognizance thereof, and obligates itself as surety for the said party of the second part in discharge of each and every specific obligation herein assumed by the party of the second part, and, upon its default, to do and perform and discharge all of the obligations of the party of the second part hereunder; the said surety limiting its obligation and liability hereunder in the sum of five thousand dollars ($5,000).”
 

 Although the instrument evidencing appellant’s obligations recites that it is bound as surety, it also recites that the surety obligates itself, upon default of the principal, to discharge and perform every obligation imposed upon the principal by the terms of its contract with plaintiff, subject only to a limitation of appellant’s liability thereunder to a sum not exceeding $5,000.
 

 In our opinion the expressed terms of appellant’s contract settles the question of solidarity, up to the sum fixed in that contract, because, in the event of the principal’s default, the surety becomes the obligor and is bound to the performance of all of the, obligations assumed by its principal in the original contract.
 

 “Subject to' the rule of strict construction in favor of sureties, contracts of suretyship are governed by the same general rules of construction as other contracts, and must receive a just and reasonable interpretation, with a view to ascertaining the true intent of the parties as gathered from the language of the instrument in the light of surrounding facts and circumstances.” C. J. vol. 32, pp. 71, 72; Ewen v. Wilbor, 99 Ill. App. 132; Van Buren County v. American Surety Co., 115 N. W. 24, 137 Iowa, 490, 126 Am. St. Rep. 290; Holden v. Tanner, 6 La. Ann. 74.
 

 The conclusion we have reached restrains the suretyship within the limits intended by the contract, and meets the requirements of C. C. art. 2088. This court has held in several cases that, if a surety binds itself solidarity for a debt it is not entitled to notice of default, and it must pay on proof that, the principal has not paid. New Orleans v. Blache, 6 La. 500; Ledoux v. Jones, 20 La. Ann. 539; Howard v. Finney, 32 La. Ann. 1305.
 

 
 *579
 
 For these reasons we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed at appellant’s cost.
 

 ROGERS, J., recuséd.