Common Pleas Court of Cuyahoga County.

McCOY V. GEORGE STONE CO. ET AL.

Decided June 18, 1929.

*Ernest Cornell, Philip Schwimmer,* and *Wertz & Breitenstein,* for plaintiffs.

*Tolles, Hogsett & Ginn,* for defendants.

WEYGANDT, CARL V., J.

In this action plaintiff seeks recovery upon two bonds executed by defendants in compliance with the provisions of Section 6373-3 (d) General Code, as amended in 110 Ohio Laws, 276. The first bond was furnished by the defendant, J. C. Angel, as principal, in the sum of twenty-five hundred ($2,500) dollars; the second, by the defendant, the George W. Stone Company, as principal, was in the sum of ten thousand ($10,000) dollars. The defend-

ant, the National Surety Company, was the surety on each. Plaintiff asks judgment in the sum of one thousand ($1,000) dollars for loss sustained by reason of the misrepresentations of Angel as agent of the George W. Stone Company, the dealer, in the sale of certain securities. A jury was waived, and all questions of fact and law were submitted to the court.

Defendants Angel and the National Surety Company contend that no summons has been served upon the George W. Stone Company. The return of the sheriff shows that the summons was delivered to Hugh Wells, trustee in bankruptcy of said company. The service of summons and the compulsory appearance of a defendant in a case, so as to give the court jurisdiction to render judgment against it, is a matter purely technical and statutory; and unless a trustee in bankruptcy is an agent of the bankrupt service upon the former cannot be considered service upon the latter. The general rule seems to be that a trustee in bankruptcy has no power to represent the bankrupt except for the purposes of the bankruptcy act. 2 Remington on Bankruptcy, 470. Then too, analogously it has been repeatedly held in this state that the receiver of a defunct corporation is not an agent of the corporation for the purpose of service of process. *C. & M. R. R. Co.* v. *Orme,* 1 O. C. D., 285; 7 O. D., 445. Therefore this contention of defendants must be sustained.

The next contention of defendants is that there is a consequent defect of parties defendant and that this action may not proceed to judgment unless and until service of process has been had upon the George W. Stone Company. It is urged that both the general rule of law and Section 6373-3 (d), General Code, require a joinder of principal and surety as necessary parties defendant in an action upon a bond. So far as the general rule of law is concerned it must be remembered that under the common law a joinder was not only unnecessary but it was not even permitted except to enforce a joint liability; but at present a joinder seems generally to be allowed but not required. The part of this particular statute relied upon by defendants reads as follows:

"Any purchaser claiming to have been damaged by misrepresentation in the sale of any security by such dealer or agent may maintain an action at law against the dealer or agent making such misrepresentations; or both the dealer and agent where the agent makes such misrepresentations; and may join as parties defendant the sureties on the bonds herein provided for."

Clearly this permits a joinder, but there seems to be nothing in it or the context to indicate a legislative intent to require such joinder. In fact it would seem that the purpose of the legislature was to provide purchasers a direct, certain and immediate remedy against the surety without requiring service upon a principal not infrequently execution-proof and often safely concealed in a distant jurisdiction.

The next contention of the defendants is that the evidence fails to show that Angel or the George W. Stone Company made any misrepresentations knowing them to be false and untrue. Although the proof as to misrepresentations is overwhelming, it is true that there is little evidence tending to show defendants' knowledge of their falsity. However, it is the carefully considered view of this court that the statute does not require proof of such knowledge. The pertinent part of Section 6373-3 (d) reads as follows:

"Such bonds shall be conditioned upon the faithful observance of all the provisions of this act, and shall also indemnify any purchaser of secureties from such dealer or agent who suffers a loss by reason of misrepresentations in the sale of such security by such dealer or agent. Any purchaser claiming to have been damaged by misrepresentation in the sale of any security by such dealer or agent may maintain an action at law against the dealer or agent making such misrepresentations; or both the dealer and agent where the agent makes such misrepresentations; and may join as parties defendant the sureties on the bonds herein provided for."

It should be noted that nowhere in the section does there appear the word "fraudulent" or "intentional" or other adjective limiting the word "misrepresentation." To insert any such word by construction would savor too

strongly of judicial legislation. It would seem to require no citation of authority as to the generally recognized rule that one is liable if he makes an untrue statement, not knowing or believing it to be true; or if he recklessly makes an untrue statement, the falsity of which he might have ascertained. This evidence together with the evidence as to damage sustained clearly entitles plaintiff to the full amount asked in the prayer of his petition.

It is further contended by the National Surety Company that any judgment rendered against it should not be against it directly but should be made to read against it "as surety" for Angel and the George W. Stone Company. It must be remembered that these bonds are not contracts of guaranty but are surety contracts, and the liability of the surety is a direct one. Therefore, the judgment must be rendered directly against both principal and surety in the sum of one thousand ($1,000) dollars and interest. Of course, there can be no judgment against the George W. Stone Company for the reason that service of summons has not been had upon it. However, judgment is rendered on each of the two bonds. This gives plaintiff the right to satisfy his judgment from either or both bonds, provided that his total recovery may not exceed the amount of his judgment.

By reason of judgments previously rendered against these bonds by other purchasers, the question is raised as to whether the total recovery from the surety company is limited to the sum named in the bonds. While there is some contrariety of opinion the great weight of authority seems to be that recovery may exceed the sum of the bonds when the excess consists of interest. *Beers* v. *Shannon,* 72 N. Y., 292; *Burchfield* v. *Hafey,* 34 Kansas, 42; *Tyson* v. *Sanderson,* 45 Ala., 364; *Carter* v. *Thorn,* 18 B. Mon. (Ky.), 613; *Natchitoches* v. *Redmond,* 28 La. Ann., 274; *Spokane & I. Lumber Co.* v. *Loy,* 21 Wash., 5011; *Holmes* v. *Standard Oil Company,* 183 Ill., 70; *Pennell* v. *Card,* 96 Maine, 392; *Filyson* v. *Lord,* 124 Iowa, 125.

Counsel for plaintiff may draft the journal entry.