No. 2868

Second Circuit

THE FIRST NATL. BANK OF ARCADIA
v. WHITE ET AL.

(April 10, 1930. Opinion and Decree.)

Goff & Barnette, of Arcadia, attorneys for plaintiff, appellee.

R. L. Williams, of Arcadia, attorney for defendants, appellants.

DREW, J. On September 13, 1922, A. P. White executed to the First National Bank of Arcadia three notes for the sum of $500 each and made payable January 1, 1925, July 1, 1924, and January 1, 1924, respectively. On that same date J. P. White executed to the said bank the following document:

"First National Bank of Arcadia, Louisiana.
    Arcadia, Louisiana.
"Dear Sirs: I hereby guarantee the payment of that certain notes of A. P. White, dated September 13, 1922, and due January 1, 1925, July 1, 1924, for five hundred dollars each and one-half the note same date and due January 1, 1924 said note being for five hundred dollars and the full amount I am guaranteeing herein is twelve hundred and fifty dollars to be paid on the dates above mentioned.
    "Yours truly,          J. P. White.
"Attest:
    "R. L. Williams
    "J. Rush Wimberly."

No part of the said notes having been paid on January 28, 1925, the First National Bank instituted this suit against A. P. White and · J. P. White. Service

was never made on A. P. White, and he is therefore eliminated from the suit.

Plaintiff sued for $1,250, with 8 per cent per annum interest thereon from September 13, 1922, until paid, and 10 per cent on both principal and interest, as attorney's fees. It attaches to its suit two of the original notes for $500 each, signed by A. P. White, and another note for the sum of $1,236, dated July 25, 1924, signed by A. P. White, alleging that the $1,236 note is a renewal of certain other notes of A. P. White and representing an extension of time granted to him on a note for $500, dated September 13, 1922, and due January 1, 1924, which note was renewed and extended several times and finally included in the $1,236 note. It alleges that it is only suing for $250 of the $1,236 note, together with interest and attorney's fees thereon, praying for its rights to be reserved to bring suit for the remainder of said note against A. P. White.

Defendant J. P. White filed an exception of no right or cause of action, based on the fact that plaintiff had not first secured a judgment against A. P. White and exhausted his property.

This exception was tried and overruled by the lower court, and defendant J. P. White answered admitting that he signed the document of guaranty as alleged, and averred that plaintiff cannot proceed against him until it has exhausted the property of A. P. White, that the renewal of the note due January 1, 1924, by plaintiff and including same in a larger note, extinguished the debt so far as same applied to defendant, and that he owes no part of said $1,236.00 note, pleading extinguishment by novation or payment and confusion. He further alleges that the other two notes attached to plaintiff's petition he is willing to pay after the plaintiff has complied with the law and exhausted the property of A. P. White, which, he alleges, must be done before he can be proceeded against.

The judgment of the lower court was in favor of plaintiff and against defendant J. P. White in the full sum of $1,250, with 8 per cent per annum interest thereon from September 13, 1922, until paid, and 10 per cent on both principal and interest, as attorney's fees, reserving to the plaintiff the right to proceed further in this suit or another suit against the said A. P. White.

From this judgment the defendant J. P. White has appealed to this court.

When J. P. White executed his letter of guaranty to the plaintiff, there was then an existing debt of A. P. White to the plaintiff, a certain specific part of which he guaranteed. He therefore became a surety for that debt. His guaranty was absolute, and he became bound for the part of the debt he guaranteed when it became due and was not paid by A. P. White. Gasquet et al. vs. Thorn, 14 La. 506.

"Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not." R. C. C. art. 3035.

After the notes became due and were not paid by A. P. White, then the plaintiff had the right to proceed against either or both of the defendants, and we think the exception of no right or cause of action was properly overruled.

The following rule is laid down in 21 Ruling Case Law, p. 949:

"That when the sponsors for another assume a primary and direct liability, whether conditional or not in the sense of being

immediate or postponed till some subsequent occurrence, to the creditor, they are sureties; but when this responsibility is secondary and collateral to that of the principal, they are guarantors."

The distinction between the two is shadowy, and most courts and nearly all textwriters treat them as the same.

Defendant admits in his answer that he is willing to pay the two original notes sued on for the sum of $500 each after A. P. White's property has been exhausted and after judgment has been rendered in favor of plaintiff against A. P. White. However, it is admitted in the record that A. P. White has no property within the state.

Under our finding it is useless to further discuss the liability of defendant for the two notes of $500 each executed on September 13, 1922, and due January 1, 1925, and July 1, 1924. He is liable for that amount.

The other note for $500, dated September 13, 1922, and due January 1, 1924, defendant was surety for one-half of it, or $250. It is urged by defendant that he has been relieved from liability under his suretyship by extinguishment of said note, by renewing of same and including it in another note of much larger amount without his knowledge or consent. We think his contention is sound. Defendant specifically guaranteed the payment of one-half of this note, to be paid on the date it became due, and carefully described it. The plaintiff did not proceed against him at the due date of the note; neither did it proceed against the maker; but, without defendant's knowledge or consent, renewed the note several times and finally took a new note from A. P. White for an entirely different amount and made nearly two years later. What became of the first note is not shown. Possibly it was returned to the maker or destroyed. It clearly extinguished the note on which defendant was surety.

R. C. C. art. 3063:

"The prolongation of the terms granted to the principal debtor without the consent of the surety, operates a discharge of the latter." Alter vs. Zunts, 27 La. Ann. 317; N. O. Butchers Co-Op. Abb. vs. St. Bernard & Fertilizing Co., 160 La. 574, 107 So. 432.

The obligation of a surety is stricti juris and must be rigidly construed. And the surrender of one of several guaranteed notes and the taking of other notes therefor will release the guarantor or surety to the amount of the surrendered note. Joyce Defense to Commercial Paper, p. 1372.

One who pays the note of another as surety has the right to expect the note to be given to him in order that he might proceed against the maker. This has been made impossible by the plaintiff, as it has included the amount of the guaranteed note in a larger note amounting to $1,236 and reserving in this suit the right to proceed against the maker for the remainder of the note.

Defendant guaranteed the payment of two notes of $500 each and $250 of another $500 note. The last note has been extinguished and he released from his guaranty to that extent. He did not guarantee any interest or attorney's fees, and the obligation must be rigidly construed. Therefore interest and attorney's fees cannot be recovered. His written guaranty specifically states what he is bound for, and it cannot be said he is bound for more than he intended to bind himself for. Continental Supply Co. vs. Tucker-Rose Oil Co., 146 La. 675, 83 So. 892.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by reducing the amount of the judgment in favor of the plaintiff and against the defendant from $1,250, with 8 per cent per annum interest thereon from September 13, 1922, until paid, and 10 per cent upon both principal and interest, as attorney's fees, to $1,000, without interest and attorney's fees, and, as so amended, that the judgment of the lower court be affirmed; plaintiff and appellee to pay the cost of the appeal.