## BREWER v. FOSHEE et al. *
### No. 5005.

Court of Appeal of Louisiana,
Second Circuit.

March 8, 1935.

Rusca & Cunningham, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff is the holder of five promissory notes of defendant, J. M. Foshee, originally aggregating $450, and maturing over several months, the last one falling due on April 3, 1930. These notes were secured by chattel mortgage on several head of mules sold by plaintiff to defendant, according to the allegations of the petition. Not one of the notes was paid at maturity. After the lapse of more than a year, defendant was pressed for payment thereof and, in order to gain for him an additional year to pay the notes, George Foshee, whose relation to J. M. Foshee is not disclosed, on November 15, 1931, signed the following guaranty indorsed on the reverse of each: "For and in consideration of the extension of the within note to November 15, 1932, I guarantee payment at the extended maturity."

The notes were accordingly extended and the maker allowed to retain possession of the mortgaged mules. Thereafter, there was a payment made on the principal of four of the notes, and some interest and small amounts of principal paid on the fifth one. Plaintiff then instituted this suit against the maker and George Foshee, as guarantor, to recover judgment against them, in solido, for the balance due on the notes, which are annexed to and made part of the petition.

An exception that the petition disclosed no cause and no right of action as to him was filed by George Foshee, and, being sustained, plaintiff prosecutes this appeal therefrom.

▮ The question raised by the exception is whether George Foshee, who was not a party to the notes originally, is bound thereon on account of having subsequently signed the guarantee of payment on the reverse side of each, as indorser or as surety or guarantor. It is not alleged in the petition that the exceptor was notified of the dishonor of the notes by the maker when they last matured, and, for this reason, it is urged that the exception is well founded, because exceptor has been released. There is no waiver of notice of dishonor in the face of the notes. If George Foshee simply bound himself on the notes as an accommodation indorser, his position, raised by the exception, is unquestionably good; but if he is bound, under the guaranty signed by him, as guarantor or surety for the payment of the notes, it was not necessary, in order to hold him thereon, to give him prompt notice of dishonor by the maker. It is not alleged that the maturity of any of the notes was extended after the guaranty was signed. No such indorsement appears thereon.

Section 63 of Act No. 64 of 1904 (the Uniform Negotiable Instruments Law), is as follows: "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

▮ No presumption in favor of appellee's contention can possibly arise from the language employed in the guaranty signed by

*Rehearing denied April 3, 1935.

him. This language certainly argues convincingly that he intended to bind himself in a capacity other than as indorser, and, this being his intention, it is not so very important to a decision of the issue, as presently tendered, whether he is bound as guarantor or surety. The distinction as to measure of liability between the two, as said in First National Bank of Arcadia v. White, 13 La. App. 156, 157, 127 So. 433, is "shadowy." However, we entertain no doubt of the status of George Foshee, as fixed by the agreement signed by him. Article 3035 of the Civil Code fits the case exactly. It reads as follows: *"Suretyship defined.*—Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."

He signed the guaranty of payment of the notes in order to secure from plaintiff additional time in which to pay them, and his liability thereon is that of surety, to whom it was not necessary to give notice of dishonor to preserve, as against him, the responsibility which the guaranty superinduced. Continental Supply Company v. Fisher Oil Company, 150 La. 890, 91 So. 287; First National Bank of Arcadia v. White, 13 La. App. 156, 157, 127 So. 433.

In Gasquet et al. v. Thorn, 14 La. 506, it was said:

"Where one guaranties the payment of an existing debt, the obligation he contracts is essentially one of suretyship, in whatever form of words it may be clothed. * * *

"So, in this case, the defendant guarantied the payment of a promissory note, and became the surety of the makers, although it does not appear the latter were acquainted with his engagement.

"The defendant as guarantor, cannot claim to be discharged from liability by the neglect of the plaintiff to give him notice of a demand and non-payment."

Many other cases to the same effect could be cited; so it will be seen that the contention of defendant is opposed to a long and uninterrupted line of decisions of our own courts, and therefore is untenable in the present case. The exception was erroneously sustained by the lower court.

Appellee briefly intimates that he has been released from the effect of the guaranty he signed because of the laches of plaintiff in not sooner attempting to enforce payment of the notes against the maker. This issue is not raised by the exception. It should be addressed to the merits of the case.

The judgment of the lower court is reversed and set aside, and this case remanded to that court for further proceedings; cost of appeal to be paid by appellee; other costs to abide final judgment in the case.