HAMITER, Justice.
*323 Herein, J. Claude Keller is seeking to recover from General Motors Acceptance Corporation (sometimes referred to in this opinion as GMAC) the sum of $2,463.39, plus 8% per annum interest and 25% attorney’s fees. His demands were rejected by the district court and he is appealing.
The pertinent facts are not disputed. On May 20, 1954, plaintiff sold to one Cedell Dye (a resident of West Carroll Parish) a Pontiac automobile for a total consideration of $4,030.39, and he accepted the purchaser’s promissory note of $2,763.39 which evidenced the unpaid portion of the sale price. This note, secured by a chattel mortgage and vendor’s lien on the car, was payable in monthly installments, the last being for $2,463.39 and due December 20, 1954. On completion of the sale plaintiff endorsed the note and transferred it, together with his written personal guaranty for payment thereof, to GMAC.
All of the installments were paid by the debtor at their respective maturities except the last one of $2,463.39. When default as to it occurred GMAC called on plaintiff, as endorser and guarantor, for payment. Plaintiff paid the installment by a check dated January 7, 1955, to which was attached a written request that the note and the car’s certificate of title be forwarded to him. Instead of complying with this request GMAC inadvertently marked the note paid (or cancelled) and mailed it, along with the title certificate, to the maker, Dye. The latter refused to surrender the instruments which he received, notwithstanding amicable demand therefor having been made on him.
On March 8, 1955, this plaintiff instituted suit against Dye, by ordinary process, for the purpose of foreclosing the mortgage and vendor’s lien on the car. No immediate seizure of the vehicle was therein demanded. Three days after service of the citation Dye sold the mortgaged property to an innocent purchaser in East Baton Rouge Parish, one Bidwell Pace, surrendering to him the erroneously cancelled note and the title certificate.
Later (April 30, 1955), this plaintiff and this defendant joined in an action in the East Baton Rouge Parish District Court in which they sought to enjoin the State Vehicle Commissioner from transferring the automobile’s title to Pace, as well as from cancelling the mortgage affecting it, on the records of his office. The action was voluntarily dismissed when it appeared that the purchaser had been in good faith.
On October 10, 1955, the instant suit was instituted. Among the allegations contained in the petition are the following:
“That the negligent act of defendant herein, in not mailing the note and certificate of title to your petitioner as guarantor thereon, has caused *325 petitioner to lose the security held under the chattel mortgage above referred to, thus causing petitioner to suffer a loss of the amount as paid to GMAC as heretofore set forth.
* * Sfi Jji ‡
“That the promissory note above referred to provided that in the event of default of the debtor and in the event suit was necessary for collection thereof, that 25% on principal and interest would be due as attorney’s fees. That the loss of this amount has been sustained by plaintiff through the negligent act of the defendant as set forth above.”
Plaintiff prays for judgment in the sum of $2,463.39, the amount paid by him to GMAC, plus 8% per annum interest from December 20, 1954 and the above mentioned 25% attorney’s fees.
Defendant, GMAC takes the position that plaintiff should have seized the car, under a writ of sequestration in the suit that he brought against Dye, before it was sold to the innocent purchaser; and that his not having done so constituted a failure to minimize damages, such as the law requires, and prevents recovery herein. Defendant insists that plaintiff had that remedy because, by operation of law, he became subrogated to all of its rights in and to the note and mortgage when he paid the indebtedness.
Conceding for the sake of argument that plaintiff was entitled to sequester the car (we entertain some doubt as to this, since the note had been cancelled and delivered to Dye), responsibility for taking legal action to prevent injury rested primarily on GMAC, for the difficulty was caused solely by its negligent act. On the occurrence of that act it could and should have proceeded against Dye (by enjoining the sale of the vehicle, if necessary) with the view of protecting the interest of plaintiff, particularly of obtaining for him possession of the note, who had paid the indebtedness. And having failed to perform this obligation GMAC must reimburse plaintiff the amount which he expended. “Where one of two innocent persons must suffer, he who makes it possible for the injury to occur must bear the consequences.” Haley v. Woods, 163 La. 911, 113 So. 144, 146. See also Young v. Gretna Trust & Savings Bank, 184 La. 872, 168 So. 85; Ideal Savings & Homestead Ass’n v. Kerner, 208 La. 513, 23 So.2d 200; Clark-Kelley Livestock Auction Co. v. Pioneer Bank & Trust Co., 228 La. 224, 81 So.2d 868.
However, plaintiff is not entitled to also recover the 8% per annum interest and the 25% attorney’s fees herein demanded. He claims these items by reason of certain stipulations in the mentioned note. But *327 the instant suit was not brought on that instrument.
Defendant’s exception of no right of action, overruled by the district court and reurged here, is without merit. It is predicated on the following language contained in the personal written guaranty given by plaintiff to GMAC: “The liability of the undersigned shall not be affected * * * by the discharge or release of the obligation of the mortgagor or any other person interested, by operation of law or otherwise.” Defendant argues that this provision continued the personal liability of plaintiff even though it had released Dye from his obligation. Manifestly, the “discharge or release” contemplated by such provision is one resulting from some occurrence over which the defendant had no control — such as bankruptcy of the mortgagor, destruction of the mortgaged property, etc. — not from its voluntary or negligent act.
For the reasons assigned the judgment appealed from is reversed and set aside, and there is now judgment in favor of plaintiff, J. Claude Keller, and against the defendant, General Motors Acceptance Corporation, in the sum of $2,463.39, together with legal interest from judicial demand until paid and all costs of this suit.
PONDER, J., absent.