CHASEZ, Judge.
Plaintiff sues to recover on a surety bond executed by Trinity Universal Insurance Company (hereinafter referred to as Trinity) guaranteeing the performance of a contract between Safticraft Corporation, principal on the bond, and Pioneer Leasing Corporation for the construction of a seventy foot, steel tug known as Hull No. 552. Plaintiff was named obligee in the bond. The Court a qua rendered judgment in favor of plaintiff. Defendant suspensively appeals the judgment; plaintiff answered the appeal asking for an increased award.
In August of 1962, the officers of the Safticraft Corporation approached Val-U requesting a loan of money. Val-U agreed to make a loan to Safticraft on the security of a contract in the form of a purchase order between Safticraft and Pioneer Leasing Corporation for the building of a seventy foot, steel tug, provided the completion of the vessel and the performance of the construction contract would be bonded by a surety. On August 30, 1962, the officers of Safticraft secured a bond from the defendant in the penal amount of $125,000.00.
The loan was made on September 12, 1962. Val-U received a chattel mortgage on the vessel; an assignment of the purchase price due under the contract; and the bond issued by the defendant with Val-U as obligee which, in part, follows:
“WHEREAS, the above bounden Principal [Safticraft] has entered into a certain written contract with Pioneer Leasing Corp. dated the 30th day of August 1962, For Construction of a 70' Steel Diesel Tug Boat, known as Hull No. 552 for Pioneer Leasing Corporation, 120 South LaSalle Street, Chicago, Illinois, in accordance with their Purchase Order No. 1336 dated 30th August 1962 calling for delivery October 31, 1962 and bearing no liquidated damages for Doity Cheramie, Jr., Clifford Pitre and Robert B. Anderson, which contract is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein. Obligee hereunder has agreed to make a loan to the Principal on the security of such contract upon condition *725 that the full performance thereof by the Principal be bonded by Surety.”
Safticraft signed a note for $85,000.00 to mature on October 31, 1963. It carried a $6,000.00 discount and 8% interest after maturity. By prior agreement, Val-U issued five checks payable to Safticraft, as follows:
Check No. 1 $46,250.00
“ 2 625.00
“ 3 1,300.00
“ 4 3,175.00
“ 5 27,650.00
Checks one, two, and three were used to pay a pre-existing debt which Safticraft owed to Val-U. This was required by Val-U as a prerequisite to granting the loan in question. Check No. 4 was endorsed by Safticraft to Tide, Inc., whose representative was present at the making of the loan, in payment of a debt. Check No. 5 was deposited for the account of Dupont, Inc., a subsidiary of Safticraft.
The vessel was not finished by October 31, 1962, therefore, Val-U, Pioneer and Trinity acquiesced in extending the completion date to November 30, 1962. The vessel was still not complete on November 30, 1962. Val-U put Trinity on notice of the failure of Safticraft to complete the vessel. Trinity refused to perform its ■obligations under the bond, hence this action was brought.
In a well reasoned opinion, the District Judge stated:
“Prior to the execution of the bond or the consummation of the loan, the plaintiff and the defendant, through their respective agents, independently of each other, made rather thorough investigation of the financial condition of the borrower, Safticraft Company, including financial statements and other information, and according to the testimony of an officer of the plaintiff and of the agent of the defendant, both the plaintiff, Val-U and the defendant, Trinity, were satisfied with the borrower’s financial status.
í¡í S¡í 5jl ‡ *
“The defendant, Trinity, urges several defenses. Firstly, it is urged that since the bond guarantees a ‘written contract * * * in accordance with their purchase order number 1336,’ and since a written contract had not been executed, the bond cannot, therefore, be binding on Trinity.
“The evidence supports the plaintiff’s contention that the purchase order, known to all the parties at the time of the execution of the bond, was considered at the time to be the ‘contract’ referred in the bond. Although the evidence did indicate that in communications between the bonding company and its own agent, Trinity did inquire concerning the ‘written contract’ and requested the same, the evidence also indicated that no such request was made of any of the parties to the bond. Moreover, the evidence shows that the bonding company agreed to the extension of the bond from October 30th to November 30th without making any requests for any contract, and there is no doubt that it then accepted, as its agent did at the time of the execution of the bond, the written, signed order as the contract between Safticraft and Pioneer, and as the contract required under the bond.
“Secondly, the defendant contends that since Safticraft used $51,350.00 out of the loan made to repay to^ Val-U a previously existing loan, that therefore cither the entire bond is voided, or the maximum loss that was suffered by Val-U was only $27,500.00. The defendant bases this contention on several ‘facts’, which will now be discussed categorically.
“The evidence supports the finding that a prerequisite to the making of the loan was the payment of the pre-exist-ing loan of $51,350.00. The Court *726 finds nothing sinister in this prerequisite. As a matter of fact, the defendant knew of the existence of the previous loan, for it had, as the evidence further shows, bonded the contract assigned for that loan. However, defendant urges that plaintiff had no right to accept payment on a previous loan, since ‘the prime purpose of the September 12, 1962 loan was for the completion of hull number 552’. If this statement were substantiated by the evidence, it would certainly be material to the determination of the instant case.
“However, a careful consideration of the evidence fails to reveal any substantiation of defendant’s position. Defendant’s whole contention is based on the argument that ‘Trinity has been lead to believe that Val-U was lending to Safticraft funds necessary to complete the vessel.’ This argument is not supported by any evidence before this court. * * * Furthermore, the defendant contends that Val-U knew that Safticraft’s condition was ‘shaky’ and therefore should not have demanded the payment of the previous loan out of the later loan. This contention is not substantiated by the evidence. As a matter of fact, as previously pointed out, the evidence substantiates that both the parties relied on the financial statements and other information, and believed the financial status of Safti-craft to be good. The opinion of one of the stockholders of Val-U to the contrary, even if it were so, would not be sufficient to support the defendant’s position in this regard. In short, this Court cannot find any evidence to justify the defendant’s position to the effect that Val-U prevented or hindered the performance of the bonded agreement by accepting payment of a previous debt out of the funds loaned.”
After a complete review of the record, we are in complete accord with the above findings of fact by the trial judge.
The Court a qua gave judgment to the plaintiff for the sum of $79,000.00 because it considered the suit based on the bond, not on the note. This will be considered hereafter.
In this Court the defendant contends that the trial court erred in finding that the purchase order was the written contract. We must agree with the trial court’s finding that the purchase order was the contract contemplated by all parties to the bond. Thus the contention of defendant that they could not be bound on the bond because a contract did not exist must fail..
 The defendant strongly contends, that the proceeds of the loan were to be-applied to the construction of Hull No. 552,. and that the requirement by Val-U that a prior loan be paid as a prerequisite to the granting of the one in question relieved them of liability under the bond because their position was prejudiced. This would' be material if the bond had stipulated that the funds were to be used to construct the vessel or if the evidence sustained that contention. The bond does not contain such a stipulation and the evidence fails to bear out the contention of defendant. If any stipulation of this character was agreed upon between Trinity and Safticraft it does not appear from the record that Val-U had knowledge of it. The misrepresentation of the principal to his surety without knowledge or participation of the obligee cannot defeat the obligee’s right against the surety.
The defendant contends that even if the-funds were not committed to the completion of the vessel the withholding of them under the circumstances released the only-security (i. e., the completed hull) to which defendant could be subrogated. This argument is based on the fact that Val-U knew or should have known that due to the poor financial circumstances of Safticraft it could not complete the hull without the full amount of the loan. This contention would perhaps bear consideration if the facts bor<>- *727 out the allegation that Val-U knew of the poor financial condition of Safticraft. This is not established. In fact, as the trial judge stated, both parties to this suit were under the impression that Safticraft was in good financial condition.
The next contention of defendant is that Val-U had a duty of disclosing some of the funds were to be used to pay a pre-exist-ing debt. This argument again presupposes the funds were to be used to complete the vessel which is not borne out by the bond or the evidence in the record. If anyone had a duty to restrict the use of the funds it was the defendant who made no effort to contact Val-U and claims it relied only on the representations of its principal, Safti-craft.
We conclude that the defendant is liable to the plaintiff under the bond. If the vessel had been completed and delivered as contemplated by the bond, the plaintiff would have had the assignment of the proceeds under the contract and/or a chattel mortgage on the vessel. Therefore, the next question is what amount of recovery is to be allowed?
The trial judge held that recovery was under the bond and not on the note. He, therefore, disallowed all “discount” or interest charged in the note. He gave judgment for the amount of money actually paid out by Val-U, $79,000.00 and allowed 5% legal interest from the date of the note. He also disallowed attorney’s fees. This was proper and correct except interest should have been allowed from date of judicial demand.
Plaintiff relies on the following clause of the contract, contending that it guarantees the payment of the note in full:
“NOW, TPIEREFORE THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That if the above bounden Principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said Principal kept, done and performed at the time and in the manner in said contract specified and shall pay over, make good and reimburse to the above named Obligee, all loss and damage which said Obligee may sustain by reason of failure or default on the part of said Principal, then this obligation shall be void; otherwise, to be and remain in full force and effect.”
As we read the above clause it merely is a clause defining the condition under which Trinity is to be bound.
The suit herein is not on the note given by Safticraft to plaintiff but on the bond. The defendant is not a party to the note thus is not bound by the terms. Therefore, Trinity’s obligation is only to pay the loss incurred by plaintiff occasioned by the default of Safticraft. The bond does not provide for interest or attorney’s fees on the part of the surety in the case of default bv the principal.
The only loss to Val-U is the money that was actually given to Safticraft pursuant to the loan. The discount is nothing more than interest and not a loss for it did not actually give Safticraft $85,000.00 but $79,-000.00. We, therefore, conclude that since defendant is not sued on the note it can not be cast for attorney’s fees and interest provided therein cf. Keller v. General Motors Acceptance Corporation, 233 La. 320, 96 So.2d 598 (1957) ; and, since there is no guarantee of interest and attorney’s fees in the bond, they are not liable therefor except under statutory provisions. Cf. Continental Supply Co. v. Tucker-Rose Oil Co., 146 La. 671, 81 So. 892 (1920); First Nat Bank v. White, 13 La.App. 156, 127 So 433 (1930).
Plaintiff contends it is entitled to recover attorney’s fees under the provisions of LSA-R.S. 9:3902. However, as a prerequisite to recover attorney’s fees under this statute the full claim must be recovered. *728 Gas Appliance Co. v. Hamlin Homes, Inc., 147 So.2d 228. Here plaintiff is not recovering the full amount claimed.
The plaintiff further contends that it is entitled to recover penalties under LSA-R.S. 22:658. Whether or not this statute has application to the case at bar is of no moment since the evidence is clear that defendant’s refusal to pay the plaintiff was not arbitrary, capricious and without probable cause.
Therefore, the judgment of the district court is amended to allow plaintiff legal interest on the sum of $79,000.00 from the date of judicial demand until paid; and as amended the judgment of the Court a qua is affirmed. All costs of both Courts to be borne by appellant.
Amended and affirmed.