**FURLOW–LAUGHLIN EQUIPMENT, INC.**

v.

**MADDOX PAINT CONTRACTING COMPANY, O.C. Maddox, and Nelson International, Inc.**

**Civ. A. No. 82–664–B.**

United States District Court, M.D. Louisiana.

Dec. 29, 1983.

Charles S. McCowan, Jr., Baton Rouge, La., for plaintiff.

Charles W. Franklin, Franklin, Moore & Walsh, Baton Rouge, La., for Maddox Paint Contracting Co., Inc. and O.C. Maddox.

Michael J. Harig, John E. Cox, Stephen R. Wilson, Baton Rouge, La., for Nelson Intern., Inc.

POLOZOLA, District Judge.

This matter is before the Court on motion of Nelson International, Inc. for a new trial and to amend the Court's original judgment. No oral argument is required on this motion.

This action arises out of Furlow-Laughlin, Inc.'s (Furlow) efforts to recover the balance due on an open account from Mad-

dox Paint Contracting Co., Inc. (Maddox Paint), as the primary obligor, and O.C. Maddox and Nelson International, Inc. (Nelson), as sureties. A trial was held by the Court, and a judgment was rendered in favor of the plaintiff on August 22, 1983, in the amount of $56,452.05, together with legal interest and attorneys' fees in the sum of 25%.

Thereafter, Nelson filed a motion for a new trial or, in the alternative, to amend the Court's judgment. Nelson raises the following issues in its motion: 1) Inadmissible parole evidence was admitted by the Court which unduly prejudiced the defendant, and is cause for a new trial; 2) Nelson contends that a *stipulation pour autrui* existed between Nelson and Maddox Paint for the benefit of Furlow, and that Nelson's payments to Maddox Paint extinguished any obligation of Nelson to Furlow; 3) Nelson seeks to have the judgment amended so that it may have the benefit of the rights of discussion and of division as such rights exist under the Louisiana Civil Code; 4) Nelson prays for judgment in its favor on its third-party demand against O.C. Maddox and Maddox Paint; 5) Nelson asks that the judgment be amended insofar as judgment was rendered against it for attorneys' fees and interest, in derogation of the alleged suretyship contract; and 6) Nelson asks that the judgment against it be reduced to its *virile* share, alleging that it was a co-guarantor with O.C. Maddox of the debt owed to Furlow. The Court will address the issues raised in the order in which they are listed above.

## I. MOTION FOR NEW TRIAL—ERRONEOUS ADMISSION OF PAROLE EVIDENCE

■ One of the issues presented at the trial was the legal effect of a letter sent from Robert Graham, Nelson's controller, to Furlow's finance manager, Mike Heffner, which stated in pertinent part:

Nelson International will guarantee any payment for any purchase by O.C. Maddox. These purchases will have to be approved by Mr. Maddox but in no

way will payment be 60 days from invoice date.

Graham's intent with respect to this letter was not clear from the face of it. Therefore, the Court admitted his testimony and the testimony of Mr. Heffner only to *explain* the letter, and not to *alter* or *modify* the terms. The Court's ruling is consistent with Louisiana jurisprudence which provides: "It may not be contended for example, that, *as between the parties to an instrument* parole evidence is incompetent ... to explain an ambiguity when such explanation is not inconsistent with the written terms, ...." *Gulf States Finance Corp. v. Airline Auto Sales, Inc.*, 248 La. 591, 181 So.2d 36 (1965) (emphasis in original); see also *Gautreau v. Modern Finance Co. of Gonzales*, 357 So.2d 871 (La. App. 1st Cir.1978). Therefore, the Court concludes that no error was committed in admitting parole evidence on this point. Thus, the defendant's motion for a new trial will be denied.

## II. EXTINGUISHMENT OF NELSON'S OBLIGATION BY A *STIPULATION POUR AUTRUI*

■ Nelson also contends that a *stipulation pour autrui* existed between Nelson and Maddox Paint for the benefit of Furlow and that Nelson's payments to Maddox extinguished any obligation of Nelson to Furlow.

It is important to an understanding of this issue to state the factual and legal relationships which existed between Nelson, Maddox Paint, and Furlow. Maddox Paint was acquiring materials and supplies on credit from Furlow. Maddox Paint had an obligation to pay Furlow for these materials and supplies. Maddox Paint contracted with Nelson for the performance of certain services by Maddox Paint. Nelson was obligated to pay Maddox Paint for these services. Thus, there was never an obligation owed by Nelson to Furlow, nor was there any other judicial link between the two. However, Nelson argues that Furlow has somehow benefited as a third-party beneficiary from Nelson's payments to Maddox Paint. This contention is clearly

without merit. In his oft-cited article on this subject, Professor J. Dennison Smith suggests certain factors which are important in identifying whether or not an advantage has been provided for a third-party by a contract between others. These factors are:

(1) the existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promisee will discharge; (2) the existence of a factual relationship between the promisee and the third person, where, (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended.

J.D. Smith, *Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui*, 11 Tul.L.Rev. 18, 58 (1936); cited in *Andrepont v. Acadia Drilling Co.*, 255 La. 347, 231 So.2d 347 (1969).

While there did exist a legal relationship involving an obligation owed by Maddox Paint to Furlow, Nelson's payments to Maddox Paint in no way operated to extinguish Maddox Paint's obligation to Furlow. To have produced a *stipulation pour autrui*, or third-party beneficiary contract, Nelson would have to have been obligated to pay Furlow directly, thereby benefiting Furlow and extinguishing Maddox Paint's obligation to Furlow. Instead, the sole legal effect of Nelson's payments to Maddox Paint was the extinguishment of Nelson's obligation to Maddox Paint. Nelson's liability to Furlow in this action arises out of another obligation which Nelson assumed by virtue of a contract of suretyship, the legal effect of which will be discussed below.

## III. DISCUSSION AND DIVISION

Nelson seeks amendment of the original judgment so as to provide for the benefit of discussion and division, as those remedies are provided for in Articles 3046 and 3049, respectively, of the Louisiana Civil Code. Nelson is entitled to neither.

The benefit of discussion is expressly provided for in Article 3046 of the Louisiana Civil Code which provides as follows:

"The creditor is not bound to discuss the principal debtor's property, unless he should be required to do so by the surety, on the institution of proceedings against the latter."

Article 926 of the Louisiana Code of Civil Procedure provides that the plea of discussion is a dilatory exception which must be pled in limine. When not pled prior to the answer, the benefits of discussion are lost. See *Central Bank v. Winn Farmers Co-op*, 299 So.2d 442 (La.App.2d Cir.1974), writ denied, 302 So.2d 310 (exception not timely filed where filed the morning of trial); *Trinity Universal Ins. v. Good*, 202 So.2d 379 (La.App. 4th Cir.1967), writ ref. 251 La. 396, 204 So.2d 575 (must be pled prior to answer). There is no Federal Rule of Civil Procedure in conflict with this rule of procedure in Louisiana. Therefore, the Louisiana rule is controlling on this point and Nelson's request that it be allowed the benefit of division and discussion under the Louisiana Civil Code must be denied.

## IV. JUDGMENT ON NELSON'S THIRD–PARTY DEMAND

Nelson's request that judgment be entered in favor of Nelson (the surety) and against O.C. Maddox and Maddox Paint Contracting (the principal debtors), *in solido* is hereby granted. La.Civ.Code Art. 3052.

## V. AMENDING THE AWARD OF ATTORNEYS' FEES AND INTEREST

Nelson also contends that the award by the Court in its decision of August 22, 1983, of attorneys' fees and interest was in excess of its obligations under the terms of the letter which is the basis

for Nelson's liability as surety. The Court agrees that the original award of attorneys' fees in the sum of 25% of the judgment was in error. The contract of suretyship must be express, and cannot be presumed. La.Civ.Code Art. 3039. The obligation of suretyship should be confined within the limits of the language which creates the obligation. *Succession of Moody,* 245 La. 429, 158 So.2d 601 (1964). In this action, the language which created the obligation only guaranteed "payment for any purchase." It is clear that the agreement by Maddox Paint to pay Furlow 25% attorneys' fees for a collection action was not assumed by Nelson. The case law is in accord with this construction of the suretyship agreement. *National Union Indemnity Co. v. R.O. Davis, Inc.,* 393 F.2d 897 (5th Cir.1968); *Continental Supply Co. v. Tucker-Rose Oil Co.,* 146 La. 671, 83 So. 892 (1920); and *First National Bank of Arcadia v. White,* 13 La.App. 156, 127 So. 433 (2d Cir.1930).

■ However, the Court finds that the award of legal interest from date of judicial demand was correct as a matter of law. The Court's award of interest does not arise out of the surety's original agreement to pay, but rather, compensates the successful plaintiff for the cost of delay in collecting the funds. This cost can be avoided by the surety by paying the creditor when it is called upon to do so, and then subrogating itself to the rights of the creditor. See *City of Natchitoches v. Redmond,* 28 La.Ann. 274 (1876); *Dorsett v. Lambeth,* 6 La.Ann. 51 (1851).

## VI. CONTRIBUTION FROM CO-GUARANTOR

■ Finally, Nelson asks that the judgment against it be reduced to its *virile* share, and that the remaining portion be contributed from O.C. Maddox on the basis that he was a co-guarantor of the debts of Maddox Paint. The Court having already found that Nelson was the sole guarantor of the debts of O.C. Maddox and Maddox Paint, this contention is without merit.

Therefore:

IT IS ORDERED that the motion of Nelson International, Inc. for a new trial be, and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of Nelson International, Inc. to amend the Court's judgment entered on August 22, 1983, be and it is hereby GRANTED to the following extent:

(a) IT IS ORDERED that judgment shall be entered in favor of Nelson International, Inc. on its third-party demand against O.C. Maddox and Maddox Paint Contracting, Inc.

(b) IT IS FURTHER ORDERED that the award by the Court on August 22, 1983, of attorneys' fees in the sum of 25% of the amount of the judgment be, and it is hereby vacated and set aside.

(c) IT IS FURTHER ORDERED that except as amended herein, the judgment entered on August 22, 1983, shall remain in full force and effect.

Judgment shall be entered accordingly.